429 So.2d 765 (1983)
Virginia S. SHRINE, Appellant,
v.
Bertram SHRINE, Jr., Appellee.
No. AM-407.
District Court of Appeal of Florida, First District.
April 12, 1983.
*766 Richard H. May, Orange Park, for appellant.
Charles E. Waite of Cobb & Waite, Orange Park, for appellee.
WIGGINTON, Judge.
Appellant/wife appeals an order modifying a final judgment of dissolution of marriage, challenging the trial judge's increase in permanent alimony by only $100 per month and his refusal to extend the period of appellant's exclusive use of the marital home. Appellee/husband cross appeals, challenging the trial court's extension of rehabilitative alimony for an additional twenty-four months even though appellant did not specifically plead for that extension. We reverse and remand for reconsideration of the amount of increase in permanent alimony and affirm as to the other points raised.
The parties were divorced in 1980 after twenty-three years of marriage and being blessed with seven offspring. At the time of the divorce, four children were still minors and lived with appellant. In the final judgment, appellant was awarded $200 per month permanent alimony, $300 per month rehabilitative alimony for twenty-four months, and $125 per minor child per month for child support. She was also awarded exclusive use of the marital home until July 1, 1982, on which date the youngest child was approximately nine years old. No appeal was taken from the final judgment.
At the time of the divorce, appellee, a retired Navy captain, was employed as a realtor. His gross monthly income was approximately $1,240, plus $2,160 in retirement benefits, but with deductions his net monthly income was approximately $2,600. Appellant had a part-time job in a card shop earning approximately minimum wage.
After the divorce, appellee moved from Clay County to Pensacola where he began working with his present employer, Burnside-Ott, serving as director for the Division of Military Aviation, earning $3,335 per month plus bonuses. In 1981, his bonus was $1,750 plus a television valued at $1,000. His monthly retirement income has increased to $2,575, giving him a net income of approximately $4,500 per month. The husband has remarried and his new wife has custody of her three minor children by her previous marriage. Appellee has bought a $100,000 five-bedroom home and has acquired some investment property.
Appellant now earns approximately $4.10 per hour in her part-time job and has acquired another nine-hour a week job, making $4 per hour. Five of the seven children still live with her despite three having attained their majority. In her motion for modification, she stated that she is not able to maintain a standard of living even close to that enjoyed by the family during the marriage and that she is unable to keep the marital home in good repair.
On modification, the trial court increased child support to $200 per month for each of the two remaining minor children, increased permanent alimony to $300 per month and extended the $300 per month rehabilitative alimony for an additional two years. The court did not extend the right to use of the marital home beyond July 1, 1982.
Upon reviewing the record, we find that the trial court had adequate justification for refusing to extend the period of use and possession of the marital home. The record indicates that the home is in bad repair and would require the expenditure of a large sum of money for the needed repairs and maintenance, an amount not affordable by the parties. Therefore, the trial judge did not abuse his discretion in refusing to extend appellant's possession of the home so that the home may be sold and the financial burden of restoring the house transferred to the buyers.
The record reveals a marked disparity in the financial status of the parties, to the extent that we find that appellant has been "shortchanged" under the principles of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. *767 1980). We recognize that appellee has accepted some financial responsibility for the children who have attained majority. Also, we do not require that the cash flow available to the parties necessarily be equalized. However, considering the age of the parties, the length of the marriage, and the wife's limited earning ability, the imbalance in livelihood is of such magnitude as to result in inequity in this case. An example is appellee's military retirement rights that accrued almost entirely during the marriage of the parties, when the parties' efforts at supporting and maintaining their family were a joint venture. The total payments to appellant from appellee, even with the increases ordered by the trial court, and viewing that amount in proportion to appellee's retirement income alone, fall short of adequate support during this period of appellant's life. The trial court should consider this military pension as an asset and property of appellee as well as another source in providing the needs of appellant. Higgins v. Higgins, 408 So.2d 731 (Fla. 1st DCA 1982). Justice demands that appellant and the minor children of the marriage be restored to a more reasonable approximation of the standard of living they experienced during the marriage. Consequently, we reverse the $100 monthly increase in permanent alimony and remand the question of an increase in permanent alimony to the trial court for a more equitable result consistent with this opinion.
We affirm the extension of rehabilitative alimony benefits for another twenty-four months. Factually we find, as was complained of in the cross appeal, that appellant did not specifically plead for an extension of rehabilitative alimony in her motion for modification; she requested an increase in permanent alimony.
Appellee's cross appeal is resolved by Florida Rule of Civil Procedure 1.190(b) and reference to the record wherein the subject of extending rehabilitative alimony was directly presented and made an issue. In response to direct examination, appellant stated that she had not been able to complete her training program in pursuit of a nursing career and requested that "the rehabilitative alimony be extended for five years at $300." Extensive cross-examination followed during which appellee's counsel explored appellant's job search and opportunities as well as her attempts at completing her nursing education. There was no objection to the "rehabilitative alimony extension" issue, lack of notice, or testimony relating to that subject. Clearly, it was before the court, fully pursued by counsel for both parties and without appellee's counsel being surprised or misled.
In Robinson v. Robinson, 340 So.2d 935 (Fla. 4th DCA 1976), a similar issue was presented for review. The court concluded that:
The issue of ownership [of the marital home] was not specifically raised by the pleadings; however, without objection from either party the issue was presented, considered and ruled on by the trial court. When issues not raised by the pleadings are tried by express or implied consent of the parties, they may be treated by the trial court in all respects as if they had been raised in the pleadings. Fla.R.Civ.P. 1.190(b).
at 936.
In the instant case, appellant, because of her age, limited work experience, and extensive maternal duties, has not yet been able to achieve adequate earning power. Thus, the finding of a need for an extension of the rehabilitative alimony period is supported by the record.
Due to the substantial inability of appellant to pay her attorney's fees, assuming that the relative financial needs and abilities of the parties have remained essentially the same, we provisionally grant appellant's motion for allowance of fee money on appeal and remand to the trial court the question of the amount of a reasonable fee for the appellate services of appellant's attorney and the question of what part of that amount should be paid by appellee because of a present disparity between the parties' ability to pay. See Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
*768 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
BOOTH, J., concurs.
NIMMONS, J., concurs in part and dissents in part with opinion.
NIMMONS, Judge, concurring in part and dissenting in part.
I concur with the majority's opinion except that I disagree that it was error for the trial court to decline to increase the permanent alimony to more than $300 per month. The trial court's increase from $200 to $300 per month, together with the other modifications for the former wife's benefit, adequately reflected the change in circumstances from those which existed at the time of the entry of the final judgment, the provisions of which were presumably adequate when such judgment was entered, there being no appeal therefrom.
I would affirm the trial court's order en toto.