DELL, Judge.
Barbara Perlman appeals from the final order entered pursuant to her petition for modification of alimony and child support. Appellant challenges the amount of the increase in alimony; the amount of child support for one of the parties’ children; and the court’s failure to require appellee to pay all of her attorney’s fees.
We find no error in the amount of the increase in appellant’s alimony. We do disagree with the trial court’s refusal to increase child support for Marla, the parties’ daughter, and we disagree with the trial court’s award of only one-half of appellant’s attorney’s fees.
The trial court justified its refusal to increase Marla’s child support beyond the amount agreed to in the original property settlement agreement because she refused to visit with appellee. However, the trial court seemingly ignored the factors which compel reversal of this decision.
Appellee stipulated that he had the ability to pay increased support.[1] Marla is sixteen years old, a junior in high school and because of the inadequacy of her support, finds it necessary to work twenty-five to thirty hours per week at K-Mart. Appellant testified that she could not support Marla on the amount that she had been receiving from appellee and appellee in fact admitted that Marla’s needs had increased. The trial judge stated that Marla needed more money but denied the request because of her alleged refusal to visit with appellee. The record reflects a disagreement as to whether Marla has refused to visit with appellee or whether she has refused to visit when his new wife is present. In addition to all of the foregoing facts, the parties agreed in a prior modification proceeding that “Both parties agreed the minor children shall have the sole discretion in the issue of visiting or not visiting with their father.” Since the parties agreed to give the children sole discretion regarding visitation, we find the facts of this case distinguishable from Tyrrell v. Tyrrell, 359 So.2d 62 (Fla. 1st DCA 1978) and Cortina v. Cortina, 108 So.2d 63 (Fla. 2d DCA 1958). Based on the foregoing facts, we hold the trial court improperly refused to increase Marla’s support above the amount of the original property settlement.
Next, the trial court ordered appel-lee to pay only one-half of appellant’s $3,390 in attorney’s fees. We hold that the trial court abused its discretion in failing to award appellant the full amount of her attorney’s fees based on the overwhelming disparity between the assets and income of the parties. Hudgens v. Hudgens, 411 So.2d 354 (Fla. 2d DCA 1982).
Therefore, we reverse and remand this cause with directions to the trial court to conduct such further hearing as may be necessary to determine and award a reasonable amount of child support for Marla and to amend the final judgment to provide for the wife to recover the full amount of the attorney’s fees she expended in this proceeding. We affirm the final judgment in all other respects.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
ANSTEAD, C.J., and DOWNEY, J., concur.

. At the time of the hearing on modification, appellee admitted to earnings in excess of $170,-000 per year,