479 So.2d 815 (1985)
Lore ALEXANDER, Appellant,
v.
Scott ALEXANDER, Appellee.
No. 84-2563.
District Court of Appeal of Florida, Fourth District.
December 11, 1985.
Rehearing Denied January 10, 1986.
Martin L. Haines, III, of Haines & D'Angio, North Palm Beach, for appellant.
Barbara J. Compiani of Edna L. Caruso, P.A., West Palm Beach, and Susan J. O'Hara, Palm Beach, for appellee.
PER CURIAM.
Attempting to effectuate an equitable distribution of the assets accumulated by the parties during their six-year marriage, the trial court gave the wife a melange of used personal property and awarded her interest in the parties' New Jersey home to the husband.[1] The court declined to award alimony to the wife despite her meager income of $6,500 per year which is derived from a fledgling business. The husband, on the other hand, enjoys a stable yearly income of $24,000 to $33,000.
It is established that "a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune... ." Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980). In the case at bar, the wife was cut adrift with virtually nothing. This constitutes an abuse of discretion. Accordingly, the final judgment of dissolution is reversed in all respects, save for the provisions dissolving the parties' marriage and awarding custody of the minor child, and the cause is remanded with instructions to restructure the wife's award to include her *816 interest in the New Jersey home plus rehabilitative alimony for a period of years to be determined by the trial court.[2]
REVERSED and REMANDED.
HERSEY, C.J., and HURLEY and DELL, JJ., concur.
NOTES
[1] The wife's interest has an approximate value of $11,000.
[2] The foregoing presupposes that both parties will share responsibility for the marital debts.