PER CURIAM.
The state concedes that the trial court erred in sentencing the defendant to a twenty-year concurrent term for his conviction of possession of a firearm while engaged in a criminal offense, a second degree felony, see § 790.07(2), Fla.Stat. (1983), where the maximum penalty authorized is fifteen years, see § 775.082(3)(c), Fla.Stat. (1983). We agree that this sentence is improper and, therefore, remand for correction of sentence. See Owen v. State, 426 So.2d 1257 (Fla. 2d DCA 1983). We decline to consider the defendant’s other points on appeal since either they were not ruled upon by the trial court adversely to the defendant, see State v. Barber, 301 So.2d 7 (Fla.1974) (an appellate court must confine itself to a review of only those questions which were before the trial court and upon which a ruling adverse to the appealing party was made); see also Snead v. State, 415 So.2d 887 (Fla. 5th DCA 1982), or the issues were not preserved with a sufficiently specific objection below, see *652 Ferguson v. State, 417 So.2d 639 (Fla.1982) (objections must be made with sufficient specificity to apprise the trial court of the potential error and to preserve the point for appellate review; a general objection is insufficient); see also Leonard v. State, 423 So.2d 594 (Fla. 3d DCA 1982); Moore v. State, 418 So.2d 435 (Fla. 3d DCA 1982).
Accordingly, the judgment under review is affirmed but the cause remanded for correction of sentence.