506 So.2d 81 (1987)
Janice KOOSER, Appellant,
v.
Vernon Harold KOOSER, Appellee.
No. BO-240.
District Court of Appeal of Florida, First District.
April 30, 1987.
*82 Stephen S. Poche', of Cotton, Wesley, Poche' & Gates, Shalimar, for appellant.
James D. Swearingen, of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellee.
WIGGINTON, Judge.
The wife brings this appeal from a final judgment modifying a previous award of alimony and child support arguing that the modified award inadequately increased her permanent periodic alimony, and should have required the husband to protect his alimony obligation with life insurance. We affirm in part and reverse in part.
Initially, we affirm the trial court's denial of the wife's request that the husband purchase insurance to protect his alimony obligation. Section 61.08(3), Florida Statutes (1985), "merely provides a discretionary choice for the trial court." Pastore v. Pastore, 480 So.2d 231 (Fla. 1st DCA 1985), quashed in part and affirmed in part, 497 So.2d 635 (Fla. 1986). Further, it is obvious that the wife's request for life insurance was to perpetuate the payment of alimony subsequent to the husband's death. As discussed in Sobelman v. Sobelman, 490 So.2d 225 (Fla. 2d DCA 1986), it is questionable whether section 61.08(3) legitimizes what is otherwise a prohibition against ordering a spouse to maintain life insurance as a form of "postmortem alimony." Rather, we agree with the Sobelman court that section 61.08(3) contemplates a factual setting in which there exists a need for security or protection of other alimony awarded to the spouse, for example, a lump sum award. See also Benson v. Benson, 503 So.2d 384 (Fla. 3d DCA 1987) (finding no abuse of discretion in the court's requiring the husband to maintain the wife as an irrevocable beneficiary on his life insurance policies to secure alimony awards made in final judgment until such time as the husband retires, inasmuch as section 61.08(3) specifically authorizes same, and the order specifies that alimony obligations cease upon the husband's death so that any proceeds from the life insurance could not go to the wife as invalid postmortem alimony should the husband die prior to retirement).
Nonetheless, we agree with the wife that the increase in permanent periodic alimony is inadequate. The parties were married in May 1958, and divorced in July 1980. *83 At the time of the divorce, the parties' two children had attained the age of majority and their care was not an issue. However, approximately six months before the divorce, the parties adopted their infant grandson. Six years earlier, the husband had completed twenty years' active duty with the United States Air Force, retiring as a major. At that time, he began a second career as an investment advisor and, at the time of the divorce, had a gross aggregate salary of $61,909.
At the time their marriage was dissolved, the wife was unemployed, had no marketable skills, no work history, and a twelfth grade education. By the terms of the final judgment of dissolution, the wife became the custodial parent and the husband was ordered to provide child support of $250 per month, as well as $1,350 per month permanent periodic alimony.
Unfortunately, in the years following the divorce, both the wife's and the son's health has declined to the point where substantial sums of money will be required for medical and psychiatric treatment, and for surgery, the cost of which insurance will cover only a portion. Since the divorce, the wife has been unable to meet her expenses, which the financial affidavit shows total $2,461 per month. Because of her son's ill-health, she has remained unemployed to attend to his needs.
In contrast, the husband has enjoyed enormous financial success and the record indicates that his income has increased substantially each year to at least $188,900 by 1985. He has total assets worth $293,700. However, he did testify that his earning position with his company is only temporary, and that by 1987 he could possibly be demoted resulting in an income at the low end of $60,000, and on the high side of $90,000 to $100,000.
In its final order, the trial court found that there had been a substantial change of circumstances and increased the alimony by $150 to $1,500 per month, and child support by $500 to $750 per month. He ordered that the husband continue to provide medical insurance, and pay the wife's reasonable attorney's fees. As mentioned above, the court also denied the wife's request for life insurance coverage on the husband.
We hold that in light of the "marked disparity in the financial status of the parties," appellant has been shortchanged under the principles of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Cf. Shrine v. Shrine, 429 So.2d 765 (Fla. 1st DCA 1983), on appeal after remand, 454 So.2d 26 (Fla. 1st DCA), pet. rev. denied, 461 So.2d 116 (Fla. 1984). The evidence shows that the alimony awarded does not meet the wife's established needs, and will not restore her to a reasonable approximation of the standard of living she experienced during the marriage. In light of her limited earning ability, and the health problems experienced by her and her son, "the imbalance in livelihood is of such magnitude as to result in inequity in this case." Shrine, 429 So.2d at 767.
Accordingly, we REVERSE the $150 monthly increase in permanent alimony and REMAND the question of an increase in permanent alimony to the trial court for a more equitable result consistent with this opinion.
ERVIN, and FRANK, RICHARD H., Associate Judge, concur.