STONE, Judge.
The wife appeals an award of special equity in favor of the husband, the amount and form of alimony, and child support. Additionally, the wife contends that the husband waived his right to seek a special equity.
The parties were married for nine years prior to their separation. The husband is eighty years of age and the wife is forty. The couple has a minor child. The husband owned and operated a successful company prior to his retirement and had a net worth of at least $5,000,000, which was accumulated prior to the marriage.
The wife, who the husband had previously known as the cousin of his deceased former wife, was Austrian and lived in Vienna until they married. She has a high school education, attended business school in Austria, and was a bookkeeper prior to the marriage. The wife’s only employment in the United States has been in the husband’s business.
The husband owned the marital residence outright before the marriage. The home was valued at between $1,250,000 and $1,500,000. During the marriage the husband gave the wife a joint interest in the home by transferring title to a tenancy by the entireties. The husband had also purchased an apartment in South Africa, which was put in his wife’s name. Proceeds from the sale of this apartment were placed in the wife’s separate South African bank account. The husband had also transferred some $2,000,000 into this account to which he held a power of attorney. There was contested testimony with respect to whether each of these transfers constituted a gift.
It was undisputed that the sources of each of the contested assets were the husband’s separate funds. As such, a pri- *518 ma facie special equity had been established. Ball v. Ball, 335 So.2d 5 (Fla.1976). The issue is whether the presumption was rebutted by a showing that a gift was intended. This is an issue of fact. Cf. Laws v. Laws, 364 So.2d 798 (Fla. 4th DCA 1978); Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978); Ball, 335 So.2d at 5. See also Ward v. Ward, 502 So.2d 477 (Fla. 3d DCA 1987); Brown v. Brown, 429 So.2d 846 (Fla. 4th DCA 1983).
As to each property, the trial judge found that the preponderance of the evidence favored the husband. However, there was also substantial evidence in support of the wife’s contention that a gift had been made. With respect to each property, other than the apartment in South Africa, the appellant has failed to satisfy her burden to show that the trial judge misapplied the law or abused her discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
The parties had visited South Africa and, because the wife liked it so much, the husband bought her an apartment. She testified he said that he had bought the home in her name out of love. A witness testified that he had said he bought her the apartment as a “nest egg” and to make her happy. Another witness said he had said he had bought it as a “nest.”
It is significant to note that there were no restrictions, and no attempt at restrictions, placed upon the wife’s ability to dispose of the South African apartment, which was titled solely in her name. The husband contends that he did this in order to keep his financial affairs private. Nor does he contend they agreed, or that she understood, it was not a gift. When the husband placed his Swiss funds in the wife’s account, he retained control through a power of attorney. With respect to the apartment, there was no such retention of control nor attempted control. This, coupled with his public statements at the time, satisfies us that the court erred in awarding a special equity to the husband as to the proceeds of the sale of that apartment.
In Laws v. Laws, 364 So.2d 798 (Fla. 4th DCA 1978), the wife had owned the disputed property prior to the marriage, and conveyed a joint interest to her husband as a tenancy by the entireties. The trial court awarded the wife a special equity. This court reversed stating:
While it is true that “... a word or two of testimony by the recipient spouse, to the effect that the other intended a gift ...”, does not obliterate “the special equity resulting from an unrebutted showing that the grantor spouse acquired the property from sources entirely independent of the marriage”, Merrill v. Merrill, 357 So.2d 792, 793 (Fla. 2d DCA 1978), neither is the simple denial of do-native intent by the donor spouse disposi-tive of the question.
As stated by the Court in Merrill, supra, at 793: “The question of donative intent is one of a preponderance of the credible evidence ...”; but the finding of the chancellor as to donative intent is not binding on the appellate court where “... there is no credible evidence of such intent below.” Bickerstaff v. Bickerstaff, 358 So.2d 590 (Fla. 1st DCA 1978).
All of the evidence relative to donative intent, except the bald assertion of the Wife, clearly and unequivocally shows that the Wife did intend to make a gift to her husband of an interest in the property at the time she executed the deed creating an estate by the entireties in December of 1968. The Wife’s unsupported assertion that no gift was intended cannot refute the uncontradicted evidence in this record. Passage of time and the interest to be served have a way of coloring or changing a person’s recollections, but the documentary evidence is not subject to such imperfection and stands as immutable and irrefutable memorials to the true intent of the parties.
364 So.2d at 801.
We therefore reverse with respect to the proceeds of the South Africa apartment. Laws, 364 So.2d at 798. In all other respects, we affirm the findings of special equity. Ball, 335 So.2d at 5.
The wife also contends that the husband waived his right to pursue his special *519 equity by asserting a fifth amendment privilege in response to questions concerning any income he had previously earned on assets kept in Switzerland. We recognize that the refusal of a party to testify will generally result in a waiver. Minor v. Minor, 240 So.2d 301 (Fla.1970); Stockham v. Stockham, 168 So.2d 320 (Fla.1964); Nuckols v. Nuckols, 189 So.2d 832 (Fla. 4th DCA 1966); Waskin v. Waskin, 484 So.2d 1277 (Fla. 3d DCA 1986). However, in each of these cases the privilege was raised with respect to an important issue. Here the invocation was totally unrelated to the issues with respect to which the waiver was claimed. The trial judge had the discretion to weigh the corresponding equities, particularly where no prejudice was shown. In any event, the issue was never, in fact, resolved by the trial court, and was not pursued by appellant. Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982); Gilbert v. State, 484 So.2d 651 (Fla. 3d DCA 1986); Nicholas v. First Interstate Development Corp., 315 So.2d 238, 240 (Fla. 4th DCA 1975). We also conclude that appellant has not met the burden of proving a voluntary waiver.
With respect to alimony and child support, the evidence showed that the wife had an earning potential of $13,000 to $25,000 per year. The trial court accepted $20,000 per year as the wife’s earning ability. The court awarded the wife as lump sum alimony a house valued at $147,000, free and clear of mortgage, plus $121,000 payable at the rate of $1,000 per month for ten years. The court also awarded $25,000 as lump sum rehabilitative alimony plus $1,000 per month rehabilitative alimony for two years. Child support was fixed at $750 per month, in addition to $305 per month social security payments, plus medical and private school expenses. The testimony as to the husband’s income varies from $60,000 per year according to the husband, to almost $400,000 according to the wife. The husband admits to conducting his financial affairs substantially in cash. His ability to meet the wife’s needs is essentially undisputed.
The parties’ lifestyle was, in a word, luxurious. They spent six months a year travelling, they took three or four trips to Switzerland each year, and, during their nine year marriage, took two around-the-world cruises costing $100,000 apiece. The couple lived in a 10,000 square foot oceanfront home with two maids, a gardener, a caretaker and a maintenance man.
Appellant contends that she was “shortchanged.” She claims that she needs approximately $8,900 a month including child support to maintain an appropriate standard of living, which includes housing. The trial court determined that she needed' $2,000 per month, less social security, because the house was free of encumbrances. The court made no provision to insure collection of alimony and child support in the event of the husband’s death, other than by awarding the alimony to the wife in a lump sum.
We reverse the award of alimony for reconsideration by the trial judge. The husband is entitled to have the trial court review the alimony award by taking into account the change in the wife’s financial position by virtue of our recognition of her interest in the proceeds of the South African sale. It is the trial court’s responsibility to fashion a judgment considering the financial scheme as a whole. Noah v. Noah, 491 So.2d 1124 (Fla.1986). However, we note, for the benefit of the trial court, that the award of alimony need not be reduced, nor is the court precluded from increasing alimony. On remand, the court should consider the totality of the circumstances, including the lifestyle and standard of living enjoyed by the parties, as well as the other factors set out in section 61.08, Florida Statutes, in determining the alimony award. See McSwigan v. McSwigan, 450 So.2d 284 (Fla. 4th DCA 1984), aff'd, 468 So.2d 232 (Fla.1985); McCloskey v. McCloskey, 359 So.2d 494 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla. 1979); Alexander v. Alexander, 479 So.2d 815 (Fla. 4th DCA 1985); Green v. Green, 501 So.2d 1306 (Fla. 4th DCA 1986); Berger v. Berger, 464 So.2d 649 (Fla. 4th DCA 1985); Kooser v. Kooser, 506 So.2d 81 (Fla. 1st DCA 1987). See also Andrews v. An *520 drews, 479 So.2d 249 (Fla. 2d DCA 1985); Carroll v. Carroll, 471 So.2d 1358 (Fla. 3d DCA 1985).[1] In view of the former husband’s age, the trial court should also consider the need for additional protection to insure that the lump sum alimony remains available to the wife. Stith v. Stith, 384 So.2d 317 (Fla. 2d DCA 1980); Kooser, 506 So.2d 81.
With respect to the amount of child support, we find an abuse of discretion and reverse. The criteria used in determining the amount of child support to be paid by the non-custodial parent is “such support as from the circumstances of the parties and the nature of the case is equitable.” § 61.13(1)(a), Fla.Stat. (1985). Although income is a significant factor, Reichle v. Leff, 494 So.2d 537 (Fla. 4th DCA 1986), it is not the only consideration. Need and ability to pay is determined by considering the total financial circumstances of the parties. The factors to be evaluated include assets, as well as income, and needs, including expenses, station in life, any special circumstances, age, the standard of living of the parties, and the best interests of the child. Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986); Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982), approved en banc, Rook v. Rook, 469 So.2d 172 (Fla. 5th DCA 1985).
We also encourage the trial court to provide for insurance, a bond, or other security for the child. § 61.13(1)(b), Fla.Stat. (1985).
The final judgment is affirmed in part, reversed in part, and remanded for further proceedings.
DELL and GUNTHER, JJ., concur.

. We note, however, that the length of the marriage in this case is not as significant a factor as in those cases.