PER CURIAM.
This is a non-final appeal from an order of the trial court entered October 24, 1986 which denied appellant’s motion, styled a motion for rehearing but treated as a motion for relief under Florida Rule of Civil Procedure 1.540(b).
This litigation commenced as a petition for dissolution of marriage. Final judgment was entered and was lately pending herein on plenary appeal[1] when appellant filed a petition in the lower court for a determination of her right to certain monies not referred to in the final judgment. It appears that prior to the filing of the dissolution action, when the parties were enjoying better relations, they contracted to purchase a condominium apartment in Boca Raton, Florida. When their relationship deteriorated they defaulted on the contract and the seller retained the substantial deposit. The final judgment of dissolution, among other things, ordered appellee to hold appellant harmless as a result of the cancellation of the contract for the purchase of the aforesaid condominium apartment.
Apparently, after the judgment was entered the husband succeeded in working out a settlement with the condominium seller in which the seller agreed to refund $85,000 of the deposit. This prompted appellant to seek her alleged share thereof. The husband contended that he was entitled to the deposit because the wife had no interest therein since she did not sign the contract and because he furnished all the money for the deposit which came from funds which were not marital assets. At a hearing on the issue, the appellee husband exhibited to the court the alleged contract containing only appellee's signature. The trial court entered judgment for the husband holding he was entitled to the deposit. Subsequently, appellant filed the present motion for relief from the judgment contending that appellee had obtained the favorable judgment by fraud and misrepresentation in that appellant had signed the contract and was entitled thereby to a portion of the deposit. A copy of the contract signed by appellant was attached to said motion. The trial court heard argument of counsel but no evidence and denied the motion.
*1085 Appellant, relying upon Stella v. Stella, 418 So.2d 1029 (Fla. 4th DCA 1982), contends the trial court should have held an evidentiary hearing. We agree. Although it may be that the wife will not be entitled to any of the deposit even though she signed the contract and was one of the named purchasers, that is a determination for the trial court to make in the first instance. As the record stands, it appears the court may have decided the matter favorably to the husband because the wife had not signed the contract as represented by the husband.
Accordingly, we reverse the order appealed from and remand the cause to the trial court for an evidentiary hearing on appellant’s motion for post-judgment relief.
HERSEY, C.J., and DOWNEY and STONE, JJ., concur.

. That appeal was decided by this court on June 10, 1987, and appears at 508 So.2d 516.