550 So.2d 1168 (1989)
Joan THOMPSON, Appellant,
v.
William J. THOMPSON, Appellee.
No. 88-1293.
District Court of Appeal of Florida, Fourth District.
October 11, 1989.
Rehearing Denied November 17, 1989.
Diane H. Tutt, Fort Lauderdale, for appellant.
Beth E. Spiegel, North Miami Beach, for appellee.
POLEN, Judge.
The parties were married approximately four years before they sought dissolution of their marriage. Appellant, the former wife, owned a home in Maryland at the time of the marriage, which is valued between $62,000 and $106,000, with a $37,000 mortgage. At the time of the dissolution, she had transferred this house to her son, although there was some conflict as to whether or not this was done at the former husband's urging.
Appellee had substantial holdings coming into the marriage, which included a successful restaurant business in Ocean City, Maryland. By the appellant's account, the husband's holdings, together with joint assets, amounted to well in excess of $2,000,000. Appellant was claiming a special equity in property such that her share would have been in the amount of $180,000.
The trial court awarded the former wife $75,000 in lump sum alimony which appellant assigns as error and alleges that this constituted a failure to equitably distribute the assets acquired during the marriage. Our review of the record discloses there was no evidentiary basis for the wife's contention of a special equity in many of the assets claimed, and we can find no error in the trial court's award of $75,000 lump sum alimony.
Appellant's second point addresses the failure of the trial court to award her rehabilitative alimony. She relies primarily on Alexander v. Alexander, 479 So.2d 815 (Fla. 4th DCA 1985). In Alexander, we reversed and remanded in part for an award of rehabilitative alimony, where the trial court's award to the wife of a six-year marriage was described as "a melange of used personal property" and where her income was only $6,500 per year. We characterized that meager award as the wife's being "cut adrift with virtually nothing." We find Alexander clearly distinguishable from the present case, where the wife is to receive $75,000 as lump sum alimony, we find no abuse of discretion, and therefore affirm on this point as well.
However, appellant's third point requires reversal. Having taken into consideration the aforementioned award of lump sum alimony, the trial court proceeded to order that each party should pay his or her own costs and attorney's fees. Given the great disparity in post-division assets, in this case the court erred for two distinct reasons. First, the trial court should have *1169 required appellee to pay all of the wife's reasonable attorney's fees and costs. Temple v. Temple, 519 So.2d 1054 (Fla. 4th DCA 1988); Linn v. Linn, 464 So.2d 614 (Fla. 4th DCA 1985); Perlman v. Perlman, 450 So.2d 916 (Fla. 4th DCA 1984). Secondly, in order to properly award such attorney's fees, the court must make a determination as to what a reasonable fee would be for the former wife's attorney, applying the dictates, inter alia, of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). The record does not disclose that the trial court ever made such a determination.
The final judgment is affirmed except as to appellant's entitlement to and the reasonable amount of attorney's fees and costs, which we reverse and remand for further proceedings consistent with this opinion.
HERSEY, C.J., and GARRETT, J., concur.