658 So.2d 1023 (1995)
Lauren DONSKY-LEVINE, Appellant/Cross-Appellee,
v.
David G. LEVINE, Appellee/Cross-Appellant.
No. 93-0561.
District Court of Appeal of Florida, Fourth District.
Opinion filed February 8, 1995.
Opinion Denying Rehearing April 12, 1995.
*1024 Linda L. Perry of Linda L. Perry, P.A., Boca Raton, for appellant/cross-appellee.
Lynne K. Hennessey, Boca Raton, for appellee/cross-appellant.
PER CURIAM.
This is an appeal by the wife and cross-appeal by the husband from a final judgment of dissolution. We reverse and remand with direction.
At oral argument, we expressed our concerns with omissions from the final judgment as well as errors on its face. As for the former, it is the responsibility of the lawyers and the trial court to resolve all of the issues in a dissolution matter, with meticulous attention to the details required by chapter 61 and current case law. In the absence of such attention, needless, expensive post-trial, and appellate activity will occur, as in this case. Any award for further fees incurred on remand should be made with due regard for the concern expressed here.
*1025 If a trial court and the attorneys, at the conclusion of testimony, are discussing resolution of the issues  as here  then that discussion requires a punctilious and complete mental checklist of the issues and the findings required by law.
Here, noncompliance with section 61.08, Florida Statutes (1991), makes the non-award of alimony insupportable. The trial court was obligated, by said statute to make findings as to the "financial resources of each party, the non-marital and marital assets and liabilities of each." Although it did not err in its evaluation of the appreciation of the husband's business, the trial court failed to evaluate either of the parties' businesses, or their insurance cash values, stock certificates, money market, IRA accounts and the special account controlled by the husband. It further failed to determine whether or not an alleged $10,000 existed. Finally, it apparently gave no consideration to any reservation of jurisdiction or other economic safety valve for the wife. See McClay v. McClay, 447 So.2d 1026 (Fla. 4th DCA 1984).
The above defects in findings invalidated the trial court's award to the wife of sixty-five percent of her attorney's fees. One-hundred percent should be granted if there is great disparity in post-division assets or income. See Thompson v. Thompson, 550 So.2d 1168 (Fla. 4th DCA 1989). Absent an evaluation of assets, a trial court cannot determine disparity. Moreover, in this case, the trial court made no finding as to why a full award was not made as required by Wilkins v. Wilkins, 546 So.2d 44 (Fla. 4th DCA 1989). Finally, in this regard, the trial court failed to rule upon the wife's requests for costs.
Based on the transcripts before us, we further conclude that the final judgment contains three areas with incorrect conclusions of law:
First, the reduction of child support by fifty percent when the first child reaches eighteen is not consistent with the guidelines and should be remanded for a determination of what the child support requirements will be when only one child is supported. Another basis for this determination is that this is one of the few substantive areas discussed by the trial judge during the December and January hearings. He indicated that such ruling was not his intent. Thus, this particular written ruling in fact does not comport with the judge's oral ruling.
Second, the final judgment indicates that appellant is responsible for paying medical expenses not covered by insurance. Liability for such expenses should be limited to those medical expenses which are reasonable and necessary. Brandenburg v. Brandenburg, 550 So.2d 565 (Fla. 4th DCA 1989). Although Brandenburg concerned payment of an ex-spouse's expenses, the same limitation would seemingly apply to medical expenses of the children.
Third, the final judgment provides that upon sale of the two respective residences, the paying spouse will receive "a credit for one-half of the mortgage principal, taxes and necessary capital repairs, paid by [that spouse]." As the wife asserts, such credit should be given for mortgage interest and principal payments, taxes, insurance, maintenance, and repairs from the time of separation to the date of the sale. Greenberg v. Greenberg, 602 So.2d 626 (Fla. 4th DCA 1992); Hoyt v. Hoyt, 457 So.2d 599 (Fla. 1st DCA 1984); Delehant v. Delehant, 442 So.2d 1009 (Fla. 4th DCA 1983); Guthrie v. Guthrie, 315 So.2d 498 (Fla. 4th DCA 1975).
As to all of the foregoing errors, we reverse and remand with instruction for the trial court to remedy same.

ON MOTION FOR REHEARING/CLARIFICATION
PER CURIAM.
While we deny appellant/cross-appellee's motion for rehearing, our opinion did not address two further inconsistencies between the trial court's original remarks and the final judgment. The reason for such was the absence of any transcript of an intervening hearing, at which  theoretically  the trial judge could have abandoned his earlier expressions.
*1026 The parties' children are affected by the two inconsistencies addressed in the motion; namely, a requirement to carry life insurance and an eighty percent minimum of health insurance coverage. Our reversal and remand will provide the trial judge with the opportunity to address them, notwithstanding the absent transcript.
As for the issue of the five-year payout to the wife of her interest in the appreciation of husband's business and the failure to secure such payment by a lien or life insurance policy, the issue was argued and not overlooked on appeal. The wife did not establish error.
DELL, C.J., and GLICKSTEIN and POLEN, JJ., concur.