PER CURIAM.
The former husband appeals the final order of dissolution, arguing several points on appeal. Only two of those points merits discussion here.
First, the former husband argues that the trial court erred in assessing the former wife’s attorney’s fees against him on the basis she received a majority of the marital assets pursuant to equitable distribution. This argument is based on a false assumption, however, because equitable distribution is not yet completed. The trial court specifically reserved jurisdiction to equitably distribute the parties’ personal property in the event the parties were unable to do so on their own. Because equitable distribution had not been concluded as of the entry of final judgment and because the trial court lacks the ability to accurately assess the parties’ relative financial positions until the completion of equitable distribution, the trial court erred in immediately assessing attorney’s fees against the former husband. Donsky-Levine v. Levine, 658 So.2d 1023 (Fla. 4th DCA 1995). Thus, the trial court’s assessment of attorney’s fees is premature and must be reversed, pending completion of equitable distribution.
Second, we address the former husband’s argument that the trial court failed to enter a final order regarding child custody. The final judgment makes clear that child custody is permanently awarded to the former wife; in paragraph three, the trial court concludes, “The primary physical residence of the parties’ children shall be with the Wife in Broward County, Florida.” Much later in the final judgment, in paragraph eighteen, the trial court orders the parties to set a status conference “for the purpose of having this court review its determination of primary residential custody.”
Contrary to the former husband’s arguments, paragraph eighteen of the final judgment does not negate the finality of the trial court’s determination of primary residential custody with the former wife. Thus, paragraph eighteen does not constitute fundamental error in and of itself, as the trial court has not, as of yet, tried to sua sponte modify child custody. We caution the trial court, however, that custodial modifications are proper only when one party petitions for modification and shows that a substantial change in circumstances and the children’s best interests warrant modification. See, e.g., McGlamry v. McGlamry, 608 So.2d 553, 555 (Fla. 4th DCA 1992); see also Neely v. Neely, 691 So.2d 39 (Fla. 1st DCA 1997).
Accordingly, we reverse that portion of the trial court’s order assessing attorney’s fees at this juncture. In all other respects, the final order of dissolution is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DELL and GUNTHER, JJ., and HENNING, PATTI ENGLANDER, Associate Judge, concur.