763 So.2d 1189 (2000)
Darlene F. DRISCOLL, a/k/a Darlene Boudrot, Appellant,
v.
Joseph P. DRISCOLL, Appellee.
No. 98-3346.
District Court of Appeal of Florida, Fourth District.
January 26, 2000.
*1190 Carol A. Kartagener of Weiss & Handler, P.A., Boca Raton, for appellant.
Allan L. Hoffman, West Palm Beach, for appellee.
PER CURIAM.
In this appeal the former wife appeals the final judgment entered by the trial court on the financial issues raised by the petition for dissolution. She challenges a number of the trial court's determinations but we only find merit in her argument that the trial court erred in failing to consider the disparity in income and assets of the parties in arriving at its determination of the former wife's attorney's fees.
In order to exercise its broad discretion as to an award of attorney's fees, if any, the trial court must consider the financial resources of the parties. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997). There must be an evaluation of assets, both marital and non-marital, in order to determine any disparity in post-division assets or income. See Donsky-Levine v. Levine, 658 So.2d 1023 (Fla. 4th DCA 1995). One hundred percent should be granted if there is great disparity in post-division assets or income. Id. at 1025. See also Thompson v. Thompson, 550 So.2d 1168 (Fla. 4th DCA 1989).
Although the trial court did not err in its determination of income of the parties, it failed to evaluate the husband's two businesses found to be non-marital assets. This makes the trial court's award of fifteen percent of the wife's attorney's fees invalid.
We reverse the final judgment only as to attorney's fees and remand with directions that the trial court make those determinations and reconsider the award of the former wife's attorney's fees based on the disparity in income and assets.
AFFIRMED in part, REVERSED in part and REMANDED.
STONE, HAZOURI, JJ., and STETTIN, HERBERT, Senior Judge, concur.