835 So.2d 1244 (2003)
Francisco R. PERALTA, Appellant,
v.
Christine L. PERALTA, Appellee.
No. 4D01-2780.
District Court of Appeal of Florida, Fourth District.
January 29, 2003.
*1245 Francisco R. Perlata, Plantation, pro se.
Terrence P. O'Connor of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for appellee.
STONE, J.
Both parties challenge the final judgment of dissolution. With respect to the husband's claims and the trial court's award of alimony, child support, and other expenses to be paid by the husband, and as to the court's equitable distribution, the record reflects no reversible error or abuse of discretion and we affirm. We reverse, however, as to the wife's cross-claim for attorney's fees. We address only that issue.
The husband had been a vice president of Nortel, but by the time of this action, his earning ability was reduced from the $500,000 range to an imputed earning ability of at least $140,000 per year. The court found that the wife is currently capable of earning $15,000 per year in part-time employment.
Relevant portions of the trial court's judgment provided that the marital estate be equally divided, except that the husband was assigned some financial responsibility for his expert/accountant's excessive bill. The court recognized that other than monies received by virtue of equitable distribution of alimony, the wife has no independent source of income, except for part-time employment. The husband, on the other hand, currently was receiving $222,000.00 per year for another six months under his severance contract with Nortel, and has the ability to earn "at least" an additional $140,000.00 per year.
The court recognized that during the course of this litigation, the husband had freely spent joint monies and liquidated the marital estate without the consent of the wife, notwithstanding that the wife and her counsel requested the opportunity to participate in decision-making with respect to the marital estate. The husband steadfastly refused to include the wife in any decision-making with respect to the marital property. The court specifically noted that the husband had dissipated part of the marital estate by "needless and unnecessary" expenditures for his accountant/expert.
There was evidence that $387,000.00 was spent in combined litigation fees and costs in this case and that some of those expenditures *1246 were unnecessary. Of this sum, only $104,000 was associated with legal and accounting expenses incurred by the wife.
Recognizing that it was inequitable to "saddle Wife with all of the financial responsibility of Husband's accountant," the court determined that at least $100,000.00 was excessively spent by the husband on his accountant, dissipating the marital estate by at least that amount. As a result, the wife was awarded an additional $50,000.00 to compensate her for the marital waste.
The court made an equitable distribution award of $458,000.00 to each party, the wife's share consisting of $225,000 plus the equity in the marital home. The court further ordered that "each side shall bear his/her attorneys' fees, costs and accounting expenses" (exclusive of the $50,000 accounting fee adjustment).
We recognize that the trial court has broad discretion as to the award of attorney's fees in dissolution cases. See Driscoll v. Driscoll, 763 So.2d 1189 (Fla. 4th DCA 2000). Here, attorney's fees for both parties were paid by the husband out of the parties' marital account. The wife argues that she should not be punished because her attorneys were cheaper and more efficient than the husband's.
It is clear that the court intended to equitably distribute the parties' assets so that both sides were in equal financial positions and, at the same time, cause each to be responsible for their own attorney's fees.
There is no indication in the judgment or record why, having found each to be entitled to an equal distribution, the court failed to allocate a disproportionate share of the equitable distribution to the wife based on the husband's unequal attorney's fee expenditures out of the marital funds.
The record reflects that approximately $283,000.00 came from the marital estate for the husband's accountant and lawyers. Of this sum, $155,000.00 was spent on his accountant, leaving a balance of approximately $128,000.00 that was apparently spent on his attorneys. The record also reflects that $64,000.00 was paid to the wife's attorneys. It, therefore, appears that in order to enforce the trial court's order that each side bear their own attorney's fees, the wife is entitled to a credit for the disproportionate share of marital assets paid to the husband's attorneys.
If the funds used for the attorney's fee had been split equally by the parties, each side would have had around $96,000.00 available from the marital estate to spend on attorneys. There is no basis in the record or judgment for penalizing the wife in this regard. Therefore, the wife should receive an additional adjustment so that her share of the marital estate is not reduced as a result of the husband's higher attorney's fees. To hold otherwise would render meaningless the provision that each be responsible for their own fees.
We remand for further proceedings and modification consistent with this judgment.
POLEN, C.J., concurs.
DAVIDSON, LISA, Associate Judge, concurs specially with opinion.
DAVIDSON, LISA, concurring specially.
I would reverse the trial court's ruling as to the Wife's cross-claim for attorney's fees and costs pursuant to Rosen v. Rosen, 696 So.2d 697 (Fla.1997). The parties spent a combined total of $387,000.00 on attorney's fees and accounting costs. The trial court awarded the Wife an additional $50,000.00 in equitable distribution to compensate her for the marital waste due to the excessive amount the Husband spent *1247 on his accountant. The remaining amount expended by the parties for attorney's fees and accounting fees was $287,000.00. These expenditures reduced the marital estate by twenty-five percent, and the Husband was responsible for spending two-thirds of that amount. The evidence is clear that the Husband "over-litigated" this case and that the Wife was forced to utilize her attorneys and accountants to defend against the Husband's frivolous litigation tactics. I would remand this case to the trial court for a determination of the amount of attorney's fees and accounting costs that the Wife expended to defend the Husband's unwarranted litigation. In addition, I would direct the trial judge to examine the Husband's expenditures on attorney's fees to determine by how much he unnecessarily dissipated the marital estate. It is difficult to believe that under the facts of this case that the Wife's reasonable attorney's fees were $64,000.00 and the Husband's reasonable attorney's fees were almost double that amount. The Husband should compensate the Wife for her attorney's fees and accounting fees that were expended due to his unnecessary litigiousness and for his own attorney's fees which unnecessarily reduced the marital estate. To do otherwise would unjustly reward the Husband financially and penalize the Wife.
I would also note that the majority opinion recognizes that during the course of this litigation, the Husband made decisions regarding the marital estate including spending joint monies and liquidating assets of the estate without the consent or input from the Wife. Often this occurs in dissolution proceedings before the parties can have a temporary relief hearing and obtain a court order to prevent such unilateral decision-making by one or both parties. This points out the value of standing orders in each jurisdiction prohibiting either party from selling, donating, pledging, encumbering, or otherwise disposing of any marital property without prior consent of the other spouse or court order, except for use of cash, checking accounts, or other sources of funds customarily used to pay ongoing living expenses, debt, or other marital obligations of the parties.