DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YULIA FOREST KOHL,**
Appellant,

v.

**CULLEN D'AMBROSIO,** as curator of the estate of **NORMAN DEAN KOHL,**
Appellee.

No. 4D15-3088

[October 4, 2017]

Appeal of non-final order from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Laurie E. Buchanan, Judge; L.T. Case No. 432009DR83.

James P. Curry of Curry, P.L., Jupiter, for appellant.

Cullen D'Ambrosio of Ryan Law Group, PLLC, North Palm Beach, for appellee.

MAY, J.

The former wife appeals an order that denied her motion for relief from a second amended final judgment of dissolution. She argues the trial court erred in denying her motion as time-barred because it failed to apply Florida Family Law Rule of Procedure 12.540. We agree and reverse.

The parties divorced in 2009 and a money judgment was entered against the former wife. She appealed; we affirmed in part, and reversed and remanded in part for the trial court to classify her credit card and student debt. *Forest-Kohl v. Kohl*, 126 So. 3d 1094 (Fla. 4th DCA 2012). On remand, the trial court entered a second amended final judgment, ordering her to pay monies to equalize a distribution of marital assets and liabilities.

The former wife filed a motion for relief from the second amended final judgment. In her motion, the former wife accused the former husband of committing a fraud on the court by misrepresenting and omitting material facts in his financial affidavits.

The trial court specifically found:

> There is no evidence that the former husband committed a fraud. The former husband had no duty to make some argument about some interest that the former wife might have in his non-marital property. If the wife wanted to make such a claim it was her obligation to make the claim. He provided the information about the assets and the payments and it was her lawyer's responsibility to seek some interest in his non-marital property if it was appropriate.

The former wife did not appeal the second amended judgment or the order denying the motion. Instead, she filed a Chapter 13 bankruptcy petition, which was later dismissed.

The former wife then filed a second motion for relief from the second amended final judgment, pursuant to Florida Rule of Civil Procedure 1.540(b)(3), alleging it was "the product of a fraudulent financial affidavit filed by" the former husband. She alleged the former husband made material misrepresentations regarding his assets and income in his September 1, 2009 and May 25, 2010 financial affidavits.

She indicated that during her bankruptcy, she became aware that her divorce attorneys had not properly investigated the former husband's income and assets during the dissolution proceedings. She had filed a legal malpractice action related to that discovery, and she further learned from the former husband's bank records that his business and personal income was far more than that stated in his September 2009 and May 2010 financial affidavits. She set out in a detail the amounts she claimed had not been disclosed by the former husband.

This time, the trial court denied the motion for relief as untimely. The former wife moved for rehearing, arguing the trial court erred in finding the motion untimely because rule 12.540(a) "specifically states 'there shall be no time limits for motions for relief from judgment based on fraudulent financial affidavits in marital or paternity cases.'" Thus, she argued that her motion was not subject to rule 1.540(b)'s one-year filing requirement. The trial court denied the motion for rehearing. From that order, the former wife appeals.

Ordinarily, a trial court's order on a motion for relief from judgment is reviewed for abuse of discretion. *SunTrust Bank v. Puleo*, 76 So. 3d 1037, 1039 (Fla. 4th DCA 2011). However, when the issue raised is one of pure

2

law and interpretation of the Florida Rules of Civil Procedure, we have de novo review. *S2 Global, Inc. v. Tactical Operational Support Servs., LLC*, 119 So. 3d 1280, 1282 (Fla. 4th DCA 2013).

The former wife argues the trial court erred in ruling her motion was untimely and in not conducting an evidentiary hearing. *See Sanford v. Sanford*, 512 So. 2d 1084, 1084-85 (Fla. 4th DCA 1987) (holding that former wife was entitled to an evidentiary hearing on her claim that the husband obtained a judgment by fraud and misrepresentation). We agree and reverse and remand the case.

Here, the trial court found the motion untimely under rule 1.540(b), but the motion was timely under rule 12.540(b)(5), which expressly provides that "there will be no time limit for motions based on fraudulent financial affidavits in marital or paternity cases."

We have recognized that "a rule 1.540(b)(3) motion must clearly and concisely set out the essential facts on the fraud, and not just legal conclusions." *Flemenbaum v. Flemenbaum*, 636 So. 2d 579, 580 (Fla. 4th DCA 1994).

The former wife's allegations of fraud were sufficient to warrant an evidentiary hearing. She specifically alleged the former husband's omission of income from August 2009 to August 2010 resulted in her having to make an equalizing payment she would not have otherwise had to make. She alleged the former husband knew his representations were false and that he made them to induce the court to use falsified income figures to resolve pending equitable distribution and alimony issues. And, while the trial court has previously found no basis for fraud, these new allegations are different and must be given consideration.

*Reversed and Remanded for consideration of the merits of the former wife's motion.*

WARNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***