302 So.2d 447 (1974)
James C. PELEKIS et al., Appellants,
v.
FLORIDA KEYS BOYS CLUB et al., Appellees.
Nos. 74-600, 74-601.
District Court of Appeal of Florida, Third District.
November 5, 1974.
*448 Alfred Gustinger, Jepeway, Gassen & Jepeway, Miami, for appellants.
Edward C. Vining, Jr., Miami, Betty Owen Stinson, Tallahassee, W. Barry Swope, Miami Shores, Taylor & Leisenring, North Miami; M. Charles Nackley, Jr., Miami, Paul E. Sawyer, Key West, Turner, Hodson & Watkins, Homestead, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellants seek review of the denial of their motion to vacate final judgment pursuant to RCP 1.540(b).
Appellee, plaintiff in the circuit court, originally brought an action against the appellants to quiet title to certain parcels of land. Defendant-appellants filed a counterclaim and alleged therein that the deed was false and fraudulent and was forged by some unknown person. The chancellor found against the appellants on their counterclaim and title was quieted in the plaintiff-appellee. Approximately one year later, defendant-appellants filed a motion to vacate final judgment on the ground that the final judgment was procured by fraud and the movant had newly discovered evidence thereof, to wit: that the warranty deed to plaintiff-appellee actually was two separate instruments which had been taped together and that the signatures of the two witnesses to the signature of appellant Pelekis probably were made by the same individual. Appellants attempted to take the depositions of J. Bruce Vining (the principal of plaintiff-appellee) and Doreen Skinner, the notary public who notarized the warranty deed. However, the chancellor ruled that these individuals need not be deposed. In addition, appellants also requested that Mr. Vining and Ms. Skinner produce documents containing at least 50 separate examples of their handwriting. This request was denied by the court. After a hearing on the motion to vacate final judgment, the chancellor entered his order of denial. This interlocutory appeal followed.
Defendant-appellants contend that the court erred in refusing to require J. Bruce Vining and Doreen Skinner to submit to a deposition and to produce examples of their handwriting and, therefore, erred in denying the motion to vacate based upon the evidence presented to the court. We agree.
The basis of appellants' motion to vacate is that the final judgment was procured by fraud, a serious charge which requires a complete explanation of the circumstances of the alleged wrong and, therefore, merits a full opportunity to present all the available facts to the court. See Seven-Up Bottling *449 Company of Miami, Inc. v. George Construction Corp., Fla.App. 1964, 166 So.2d 155.
Accordingly, the order herein appealed is reversed and the cause remanded to the court below to permit full discovery and thereafter to conduct a new evidentiary hearing on appellants' motion to vacate.
It is so ordered.