418 So.2d 1029 (1982)
Frances Elaine STELLA, Appellant,
v.
Joseph George STELLA, Appellee.
No. 81-1796.
District Court of Appeal of Florida, Fourth District.
June 16, 1982.
Rehearing Denied September 20, 1982.
Perry S. Itkin, Fort Lauderdale, and Edna L. Caruso, West Palm Beach, for appellant.
Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellee.
ANSTEAD, Judge.
Following entry of a final judgment in this dissolution proceeding the wife filed a motion for new trial pursuant to Florida Rule of Civil Procedure 1.530. No written order was ever entered on the motion. However, following a hearing thereon, the wife filed a motion to amend her motion for new trial asserting fraud by the husband with respect to his trial testimony as to the value of certain art objects. A hearing was held on the motion to amend at which the husband's attorney objected to the receipt of any evidence. The trial court chose to treat this motion as one filed pursuant to Florida Rule of Civil Procedure 1.540(b) and denied it without conducting an evidentiary hearing. The court concluded that the wife was really relying on newly discovered evidence of the value of the art objects that she had discovered after the trial but that she could have discovered with the exercise of due diligence before trial. The wife then brought this appeal asserting her right to an evidentiary hearing.
Although we find the motion of the wife to be less than artfully drawn and the statement of her position to the trial court and now on appeal to be less than clear-cut, we conclude that she is entitled to an evidentiary hearing on her allegations of fraudulent conduct by the husband. In her brief the wife asserts that the "evidence that the Wife now had showed that the *1030 Husband had been fully aware at the time that he testified that the statue was worth $35,000, not $100." The wife also claims that the husband made substantial misrepresentations as to the value of other valuable art objects. If proven, this conduct would constitute the kind of fraud, misrepresentation, or other misconduct of an adverse party contemplated by the provisions of Rule 1.540(b)(3). Such conduct may also be the proper subject of a timely filed motion for rehearing under Rule 1.530.[1]
A party seeking relief on the basis of such misconduct has an obligation to raise this issue as soon as is reasonably possible. If the conduct takes place at trial and a party is then aware of evidence suggesting fraud he has an obligation to present such evidence at trial. On the other hand, if the party only becomes aware of the fraud after final judgment the fraud should be asserted in either a motion for rehearing under Rule 1.530 or Rule 1.540(b), depending on the time the fraud is discovered. In either case, however, the party asserting such fraud is entitled to an evidentiary hearing on the issue.
Accordingly, the order of the trial court is reversed and this cause is remanded with directions that an evidentiary hearing be conducted on the wife's motion.
HURLEY and DELL, JJ., concur.
NOTES
[1] From the record it appears that the motion to amend the motion for new trial was timely since no order had yet been entered on the motion for new trial and Rule 1.530(b) allows amendment of a timely filed motion at any time before the motion is determined.