475 So.2d 1244 (1985)
Richard Irwin EICHHOLZ, Sr., Pamela Jane Eichholz, Dixie Auto Transport Company and Transit Casualty Company, Appellants,
v.
PEPO PETROLEUM COMPANY, INC., Aetna Insurance Company and Jeanne Kay Boyd, Appellees.
No. AZ-82.
District Court of Appeal of Florida, First District.
May 13, 1985.
Rehearing Denied October 22, 1985.
Thomas R. Brown and Evan J. Yegelwel of Brown, Terrell, Hogan & Ellis, P.A., Jacksonville, for appellants Richard and Pamela Eichholz.
Carle A. Felton, Jr. and Karen K. Cole of Boyd, Jenerette, Staas, Joos, Williams & Felton, P.A., Jacksonville, for appellants Richard Eichholz, Dixie Auto Transport Co. and Transit Cas. Co.
Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellee J.K. Boyd.
*1245 Robert Wilhelm of Howell, Liles, Braddock & Milton, Jacksonville, for appellees Pepo Petroleum Co. and Aetna Ins. Co.
MILLS, Judge.
Eichholz appeals from a final judgment based on a jury verdict in favor of Boyd on her countersuit for negligence and resulting damages. We affirm.
The suit below arose out of an automobile accident in which the car Boyd was operating struck the rear of Eichholz' tractor/trailer, which he had stopped in a through-lane to offload cars. Eichholz sued Boyd for negligence in operating her car. She countersued him for negligence in parking the truck without adequate warning devices. The subsequent trial resulted in a finding of damage to Boyd of $350,000 which was reduced to $210,000 because she was found to be 40% negligent.
Appellants raise six issues on appeal. We decline to address Issues III, IV and V because they were not adequately preserved below. Issues III and IV concern allegedly incorrect jury instructions. Issue V addresses a special interrogatory which appeared on the verdict form. Whether these items were objected to at the charge conference, as required by Rule 1.470(b), Florida Rules of Civil Procedure, and, if so, what the objections were, cannot be ascertained since no record was made of the conference. The objections which do appear of record were made after the jury retired and were of a very general nature. Arnold v. Taco Properties, Inc., 427 So.2d 216, 219 (Fla. 1st DCA 1983). As the Arnold court found, "the record does not disclose that a timely objection was made, or that the trial judge was ever adequately advised of the grounds for the objection[s]." Therefore, we decline to address these issues.
The trial court did not err in admitting testimony as to the results of Boyd's field sobriety test, administered by a police officer at the accident scene. It is true that in Duval Motor Co. v. Woodward, 419 So.2d 303 (Fla. 1982), the Supreme Court found that the results of field sobriety tests were not admissible when obtained for use in an accident report made pursuant to Section 316.066(1), Florida Statutes (1983). Section 316.066(4) provides that no such report "shall be used as evidence in any trial, civil or criminal, arising out of an accident... ." The Court also stated that "[i]nsofar as the statutory exclusion in question is concerned, we perceive no material difference between the results of a blood alcohol test and the results of a field sobriety test, performed in response to a request by the officer, where both are obtained during the accident investigation for use in the report." (emphasis supplied).
In Brackin v. Boles, 452 So.2d 540 (Fla. 1984), the Court reversed previous holdings and found that "the results of a blood alcohol test are admissible in a civil trial regardless of whether the test was made for purposes of an accident report investigation... ." It found that the test was not a communication protected by Section 316.066(4). Because of the Court's holding in Duval that there is no material difference between the blood alcohol test and the field sobriety test for purposes of the statutory exclusion, we find that field sobriety tests are admissible in a civil trial under the rationale expressed in Brackin. Its admission therefore was not error. Accord State v. Edwards, 463 So.2d 551 (Fla. 5th DCA 1985).
We agree that it was error to admit the form entitled "Inquiry to Past Employers" under the business records exception to the rule against hearsay. However, because the information in the document was already before the jury, the error was harmless. See Detroit Marine Engineering, Inc. v. Maloy, 419 So.2d 687, 692-3 (Fla. 1st DCA 1982).
Section 90.803(6), Florida Statutes (1983), allows admission of records kept in the course of regularly conducted business activity when it is the regular practice of the business to make such a record. The information in the report must be from a person *1246 with knowledge who was acting within the course of the business activity. If the initial supplier of the information is not acting within the course of the business, the record cannot qualify for admission. Ehrhardt, Florida Evidence 2d ed., § 803.6, p. 491, citing Van Zant v. State, 372 So.2d 502, 503-4 (Fla. 1st DCA 1979). Here, the initial supplier of the information was not acting in the course of the business whose record the document purportedly was, but was an unidentified employee of a different business altogether. Therefore, it was error to admit this document as a business record.
However, portions of the document had already been published to the jury when appellees used it, without objection, for impeachment purposes. The remainder of the document revealed that Eichholz had received two injuries on the job. He alleges this information damaged his credibility by making it appear that his back injury occurred, not in the subject accident, but in an earlier incident. However, at the time the form was admitted, the jury had already been made aware, through Eichholz' testimony on cross-examination, that he had suffered three previous on-the-job back injuries, and the details of those injuries. Therefore, the bare information on the form that two on-the-job injuries had occurred was cumulative, and harmless. Detroit.
We cannot find that the trial court erred in failing to grant a remittitur. A party who assails the amount of a verdict as excessive has the burden to show that it was unsupported by the evidence or that the jury was influenced by passion or prejudice. Green Companies v. DiVincenzo, 432 So.2d 86, 88 (Fla. 3d DCA 1983), citing Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978). Appellants have made no such showing.
AFFIRMED.
NIMMONS, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.