483 So.2d 487 (1986)
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellant,
v.
Jacqueline M. WELDEN, Appellee.
No. BF-190.
District Court of Appeal of Florida, First District.
February 13, 1986.
Rehearing Denied March 11, 1986.
*488 Nathan H. Wilson, Southern Bell Tel. & Tel. Co., Jacksonville, George D. Gabel, Jr. and J. Carol McDonald of Wahl & Gabel, Jacksonville, for appellant.
S. Perry Penland, Jr. of Penland, Penland, Pafford & Jones, P.A., Jacksonville, for appellee.
SMITH, Judge.
Southern Bell Telephone and Telegraph Company (Southern Bell) appeals from the trial court's denial of its motions for evidentiary hearing and discovery, filed in conjunction with its motion for relief from judgment, Florida Rules of Civil Procedure 1.540(b)(3). Southern Bell also appeals the amount of damages awarded appellee by the jury, contending that the award was excessive. We affirm in part, reverse in part, and remand for further proceedings.
Appellee Jacqueline M. Welden initially filed an amended two-count complaint against both Southern Bell and one of its employees, Harold E. Roberts, alleging that Roberts either negligently, or with willful and wanton disregard for Welden's safety, struck Welden in the eye with his elbow during a service visit to Welden's business premises.[1] The complaint sought damages for medical expenses, pain and suffering, various business expenses, and profits lost, allegedly resulting from her injury. At the conclusion of trial, the jury returned a verdict finding Southern Bell negligent, and finding that this negligence was the legal cause of Welden's injuries. The jury also found that Welden was 20% comparatively negligent, resulting in the jury's $1,860,000 damages award being reduced to $1,488,000 in the trial court's final judgment.
Three days after the entry of final judgment, one of the attorneys for Southern Bell was contacted by another Jacksonville attorney who claimed to have been informed by a client that appellee testified falsely at trial regarding certain elements of her damages. Southern Bell subsequently took the deposition of the client, Edgar Amos, in May of 1985. In his deposition, Amos testified that he had been told by Welden's step-father, Charles Rouse, that the vision in Welden's right eye, which was injured by Roberts, was "about gone" prior to the injury. Amos admitted having no personal knowledge concerning the truth of Mr. Rouse's assertions. Southern Bell also secured a sworn statement from Ophelia August, a former housekeeper for Welden, subsequent to the accident. The statement of Ms. August purported to contradict Welden's trial testimony on the issue of certain elements of damages allegedly sustained by Welden as a result of her injury. Among the specific allegations contained in Ms. August's statement was that Welden, contrary to her trial testimony, had contemplated suicide on three separate occasions prior to her injury. Welden had testified at trial that she contemplated suicide after her eye injury, due to its alleged effect on her business and social activities.
*489 Based upon the foregoing information, Southern Bell filed a motion for relief from judgment, pursuant to Florida Rule of Civil Procedure 1.540(b)(3). This motion alleged that Welden secured her judgment against Southern Bell by fraud, misrepresentation, or misconduct, by offering false testimony at trial on the issue of her damages. Along with its motion for relief from judgment, Southern Bell sought both an evidentiary hearing, as well as permission to conduct discovery prior to the hearing. The trial court denied these motions for evidentiary hearing and discovery in an order finding, in essence, that even assuming, arguendo, the truth of all factual matters relied upon by Southern Bell in its motions, the proffered evidence constituted mere impeachment of Welden's trial testimony, rather than fraud sufficient to warrant granting Southern Bell's motion for relief from judgment. We find that the court erred in denying the motions.
A reading of the trial court's order denying Southern Bell's requested hearing and discovery discloses that the order relied in part upon an erroneous finding of fact; namely, that "[a]t trial no one inquired nor was evidence presented that [Welden] had ever contemplated suicide [prior to her injury]." On the contrary, Welden clearly was questioned at trial by her counsel as to this very issue:
Q... . it sounds like from what you told us, Mrs. Welden, you had been through at least a divorce in the past. Had you ever had any situation that  or had you ever contemplated suicide in the past?

A. No, sir. (emphasis supplied)
In light of this trial testimony by Mrs. Welden concerning suicide, we agree with Southern Bell that Ms. August's testimony, if credited, may support a finding of fraud upon which relief from the judgment below may be granted. Cf., Louisville & Nashville Railroad Co. v. Hickman, 445 So.2d 1023, 1027-1028 (Fla. 1st DCA 1983), rev. dismissed, 447 So.2d 887 (Fla. 1984) (wife's false testimony concerning lack of marital difficulty prior to incident from which wife filed loss of consortium claim supported granting new trial on that claim). In circumstances such as this where the moving party's allegations raise a colorable entitlement to rule 1.540(b)(3) relief, a formal evidentiary hearing on the motion, as well as permissible discovery prior to the hearing, is required. Rosenthal v. Ford, 443 So.2d 1077 (Fla. 2d DCA 1983); Pelekis v. Florida Keys Boys Club, 302 So.2d 447 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 751 (Fla. 1975); Stella v. Stella, 418 So.2d 1029 (Fla. 4th DCA 1982).
We have examined Southern Bell's arguments and the record on the issue of excessiveness of the damage award, and conclude that reversal is not warranted on this issue. Eichholz v. Pepo Petroleum Company, Inc., 475 So.2d 1244 (Fla. 1st DCA 1985); Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442, 449 (Fla. 5th DCA 1981), approved, 433 So.2d 491 (Fla. 1983); cf., Seaboard Coastline Railroad v. Addison, 481 So.2d 3 (Fla. 1st DCA 1985).
Accordingly, the order appealed from is REVERSED, and the cause is REMANDED for discovery and an evidentiary hearing on appellant's motion for relief from judgment.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] Roberts was voluntarily dismissed from this cause by Welden prior to trial.