675 So.2d 235 (1996)
DYNASTY EXPRESS CORPORATION d/b/a The New General Rent-A-Car, Appellant,
v.
Bernie T. WEISS, Appellee.
No. 95-2012.
District Court of Appeal of Florida, Fourth District.
June 19, 1996.
*236 Patrick J. Murphy of Murphy & Roig, P.A., and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellant.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Charles C. Powers, Palm Beach Gardens, for appellee.
*237 PER CURIAM.
Appellant/defendant, Dynasty Express Corporation, d/b/a The New General Rent-A-Car, appeals a final judgment entered pursuant to an offer of judgment extended by defendant and accepted by appellee/plaintiff, Dr. Bernie Weiss, and an order denying defendant's motions for rehearing and/or relief from judgment. We affirm in part, reverse in part and remand with direction.
There are two points on appeal: (1) Whether the trial court erred in finding that the defendant's verbal withdrawal of its offer of judgment was ineffective. We conclude it did not. (2) Whether the trial court erred in failing to hold an evidentiary hearing on defendant's post-judgment rule 1.530 or 1.540(b)(3) motions based on fraud and false testimony by the plaintiff, or on defendant's earlier motion to strike plaintiff's acceptance of the offer, upon which judgment was entered. We conclude that it did.
On April 2, 1990, there was an automobile accident between a vehicle owned by defendant and a vehicle owned by plaintiff. The crux of plaintiff's complaint was that he was no longer able to work as a surgeon due to the injuries he sustained in the accident. This claim also was made in discovery documents. In a September 6, 1994, deposition, plaintiff denied that he had any intent prior to the accident to begin limiting his practice. He stated that he intended to keep practicing until he reached 65 or 70 years old. Plaintiff apparently was about 56 years old when that deposition was taken. Plaintiff maintained that he was entitled to damages for 15 years.
On April 4, 1995, the parties underwent mediation but reached an impasse. The following day, April 5th, 1995, defendant served upon plaintiff an offer of judgment in the amount of $270,000 pursuant to section 44.102, Florida Statutes.
In his subsequently filed affidavit, defense counsel averred that he received on April 6, 1996, discovery information consisting of a deposition of plaintiff taken on December 16, 1994 in a federal lawsuit involving plaintiff. In this deposition, plaintiff had testified that when he ended his general surgical practice in 1991, it was because he "wanted to go into full time administrative and chart review, medical review." When asked specifically if his decision to leave medical practice in 1991 had anything to do with a disability, plaintiff responded:
No. My decision to leave had to do with what I planned before I went to surgery, that I was not going to practice surgery past a certain point. At that time I was chief of surgery and it was a fulltime position. And I applied to the hospital to be a medical director. So, I had planned not to continue practice at that point.
In his affidavit, defense counsel further averred that the offer of judgment was predicated upon plaintiff's representations that he was no longer able to work as a surgeon due to the injuries he sustained in the accident. Defense counsel further stated that upon receiving this new discovery information, it was decided that the offer of judgment would be withdrawn. According to defense counsel, he telephoned plaintiff's counsel during the late afternoon of April 6, 1995 and formally verbally withdrew the offer. In another telephone conversation later that day, defense counsel reminded plaintiff's counsel that the offer had been withdrawn earlier that afternoon.
The next day was calendar call. According to defense counsel's affidavit, the defense unsuccessfully attempted to apprise the court of the newly discovered information and request a continuance. Plaintiff's counsel then informed the court that they were ready to proceed to trial, but did not inform either the court or defense counsel that they had in fact filed an acceptance of the offer earlier that morning. The case was set for trial on May 8, 1995.
On April 11, 1995, defendant filed a written notice of formal withdrawal of its offer of judgment. It recited that the offer previously had been verbally withdrawn, that the offer was inadvertently filed because the mediator had not yet declared an impasse, and that the offer had been induced by deceit and fraud by plaintiff. On April 13, 1995, defendant moved to strike plaintiff's acceptance of the offer on the grounds of fraud and that the offer previously had been withdrawn verbally.
*238 On May 8, 1995, the trial court heard argument on plaintiff's motion for entry of final judgment in accordance with his acceptance of the offer of judgment, and on defendant's motion to strike plaintiff's acceptance of the offer of judgment. Defendant argued that the verbal withdrawal of the offer was sufficient and plaintiff argued that the withdrawal had to be in writing. These contrary positions depended upon which version of the statute and/or rule was determined to be dispositive. Defendant further argued that the offer of judgment was fraudulently induced. Plaintiff's counsel countered that the deposition relied upon by defendant to show fraud should not be considered because it was given in another case and therefore it showed no inconsistency or fraud in plaintiff's representations in the instant case. Plaintiff's counsel further argued that even after defense counsel had the subject deposition information, he used it as a negotiating tool to attempt to gain a lower settlement amount during the phone conversation between counsel on the morning of April 6, but did not at that time attempt to withdraw the offer verbally or argue that a fraud had been perpetuated.
The trial court concluded that the offer of judgment had to be withdrawn in writing, and entered final judgment for plaintiff pursuant to the offer of judgment. It concluded that based on this determination, it did not need to resolve the other issues raised.
Defendant filed a rule 1.530 motion for rehearing and an alternative rule 1.540(b)(3) motion for relief from the judgment, along with the affidavit of defense counsel. Defendant argued that the court should reopen the judgment and conduct an evidentiary hearing on the question of whether plaintiff had committed fraud in this litigation. The motion was denied and this appeal followed.

I
Defendant's offer of judgment was made pursuant to section 44.102, Florida Statutes, which permits an offer of judgment to be made after an impasse has been reached in mediation. The provisions of section 768.79, Florida Statutes, are applicable to offers made pursuant to section 44.102. See Puleo v. Knealing, 654 So.2d 148, 150 (Fla. 4th DCA), rev. granted, 663 So.2d 630 (Fla.1995).
The 1989 version of section 768.79, which was in effect in 1990 when the cause of action accrued in this case, did not dictate any method for withdrawing an offer of judgment. However, the 1990 amendment to section 768.79 added the following provision:
(5) An offer may be withdrawn in writing which is served before the date a written acceptance is filed. Once withdrawn, an offer is void.
This version, which indicates that a withdrawal must be in writing, has remained in effect since the 1990 amendment. The parties contend that the resolution of this issue on appeal depends upon which version of the statute applies.
Defendant, of course, argues that the 1989 version is applicable because it was in effect at the time of the cause of action. Since the 1989 version does not dictate a method for withdrawing an offer, defendant maintains that common law contract principles which permit a verbal withdrawal should apply. Defendant cites to numerous cases which support its contention that the version of section 768.79 to be applied is determined by the date on which the cause of action accrued. See, e.g., Metropolitan Dade County v. Jones Boatyard, Inc., 611 So.2d 512 (Fla. 1993); Mudano v. St. Paul Fire & Marine Ins. Co., 543 So.2d 876 (Fla. 4th DCA 1989).
It is clear that these cases, and the others relied upon by defendant for this proposition, relate to the substantive right to collect attorney's fees under the statute. Because the right to collect fees is substantive in nature, in this regard the statute would not apply retroactively. See, e.g., State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995) (generally on prospective versus retroactive application). Therefore, the version in effect at the time the cause of action accrues is determinative at least as to the substantive portions of section 768.79.
However, section 768.79 also contains procedural provisions and in fact the supreme court in 1992 adopted the procedural portions of section 768.79, Florida Statutes (1991), as *239 Florida Rule of Civil Procedure 1.442. See Fla.R.Civ.P. 1.442; Timmons v. Combs, 608 So.2d 1, 3 (Fla.1992); see also TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 611 & 611 n. 1 (Fla.1995). This version of rule 1.442 was in effect at the time of the offer and supposed withdrawal in the instant case, and is still in effect today. Since procedural statutes and rules operate retroactively, see, e.g., Laforet, 658 So.2d at 61, this version of rule 1.442 which was in effect at the time of the offer and asserted withdrawal would dictate the procedures to be followed to effectuate such an offer and withdrawal. Thus, the procedures of section 768.79, Florida Statutes (1991), as incorporated by rule 1.442, governed and required that the withdrawal be in writing.[1] This was essentially the conclusion reached by the trial court.
Defendant argues that this conclusion is contrary to the intent expressed by the legislature in adopting the 1990 version of section 768.79. Defendant relies upon section 55 of chapter 90-119, Florida Laws, which states that the act amending section 768.79 "shall take effect October 1, 1990, and shall apply to policies or contracts issued or renewed on or after that date." Defendant contends that this evidences a legislative intent to apply the amended version of section 768.79 only prospectively. However, to the extent this language might be read to say that even the procedural aspects of the statute can only be applied prospectively, this would infringe upon the supreme court's exclusive rule-making authority.

II
A rule 1.540(b)(3) motion for relief from judgment based on fraud, misrepresentation or misconduct is applicable to judgments entered pursuant to an offer of judgment. See BMW of N. Am., Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 7 (Fla.1986) (analyzing rule 1.540 motion directed toward judgment pursuant to offer of judgment, which was found to be analogous to a consent judgment); Rosenthal v. Ford, 443 So.2d 1077 (Fla. 2d DCA 1984) (analyzing as rule 1.540(b)(3) motion directed towards consent judgment, arguing that a party's fraud and misrepresentation induced consent). By analogy, a rule 1.530 motion for rehearing or new trial also would apply to a judgment entered pursuant to an offer of judgment.
If the allegations in the moving party's motion for relief from judgment "raise a colorable entitlement to rule 1.540(b)(3)'s relief, a formal evidentiary hearing on the motion, as well as permissible discovery prior to the hearing, is required." Southern Bell Tel. & Tel. Co. v. Welden, 483 So.2d 487, 489 (Fla. 1st DCA 1986). In order to warrant an evidentiary hearing, a rule 1.540(b)(3) motion must specify the essential facts of the purported fraud and not merely assert legal conclusions. Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994). The purpose of this specificity requirement is to permit the court "to determine whether the movant has made a prima facie showing which would justify relief from judgment," and is not merely rehashing matters explored at trial. Id.
In Stella v. Stella, 418 So.2d 1029 (Fla. 4th DCA 1982), this court determined that an evidentiary hearing was required where the 1.540(b)(3) motion alleged that the husband in a divorce proceeding testified at trial that a statue was worth $100 while he was fully aware that the statue was actually worth $35,000. The court explained that if such conduct was proven, it would be the type of conduct that would warrant relief under rule 1.540(b)(3), as well as under rule 1.530. The Flemenbaum decision cited Stella as an example of a sufficiently pled motion to invoke the evidentiary hearing requirement.
In our case, in its motion to strike plaintiff's acceptance and at the hearing on this motion, and in its post-trial motions for rehearing and relief from the judgment, the defense discussed the specific facts supporting the fraud contention. Defendant pointed out that plaintiff had testified in the federal suit that his reason for leaving his surgical *240 practice was not related to a disability, but had claimed in this suit that he had to give up surgery due to his injuries. Furthermore, at the hearing, defense counsel quoted the pertinent testimony of plaintiff from the federal case and attached to the post-judgment motions the pertinent pages of plaintiff's deposition and answers to interrogatories. Given the legal standards set out above and the example in Stella, it is clear that the motions in this case sufficiently alleged conduct that would warrant an evidentiary hearing.
As plaintiff points out, to warrant a new trial on the basis of newly discovered evidence, one of the requirements to be established is that the evidence was "discovered since the trial and could not have been discovered before trial by due diligence." See McDonald v. Pickens, 544 So.2d 261, 263-64 (Fla. 1st DCA), rev. denied, 553 So.2d 1165 (Fla.1989). Thus, plaintiff maintains that defendant was not entitled to relief because the contradictory information from the federal suit was known to defendant before plaintiff accepted the offer and before the trial court entered judgment. However, as McDonald itself explains, the general new trial requirements are relaxed "where it is shown that the prevailing party in a civil case knowingly gave or used false testimony." Id. at 264. For example, in such a situation the due diligence requirement is relaxed so that "a party is not required to anticipate false testimony from the opposing party and, therefore, is not required to discover evidence that would refute the false testimony." Id. Furthermore, we have not located any case which applied the due diligence requirement to a rule 1.540(b)(3) motion for relief from judgment based on fraud.
Moreover, although it is true that defendant discovered the new information before plaintiff accepted the offer and the judgment was entered, this is not a case, at least according to defendant's account, where defendant failed to take prompt action on the newly discovered evidence which suggested fraud. According to defense counsel's affidavit and various pleadings, defendant sought to verbally withdraw the offer on the same day that it received the new evidence. Soon thereafter, defendant sought to strike the acceptance. It would be unfair to deny defendant any recourse for fraud simply because it followed the incorrect procedure for withdrawing its offer, and was therefore bound by the offer. Fraud in the inducement of the offer would warrant striking of the offer and an evidentiary hearing on such fraud should be permitted if the motion to strike sufficiently alleged fraud, as it did here. Along these lines, this court noted in Stella, 418 So.2d at 1030:
A party seeking relief on the basis of [fraud, misrepresentation or misconduct] has an obligation to raise this issue as soon as is reasonably possible. If the conduct takes place at trial and a party is then aware of evidence suggesting fraud he has an obligation to present such evidence at trial. On the other hand, if the party only becomes aware of the fraud after final judgment the fraud should be asserted in either a motion for rehearing under Rule 1.530 or [a motion for relief from final judgment under] Rule 1.540(b), depending on the time the fraud is discovered. In either case, however, the party asserting such fraud is entitled to an evidentiary hearing on the issue.
In the instant case, defendant raised the fraud issue with the court as soon as was reasonably possible.
Regarding plaintiff's assertion that defense counsel did not seek to verbally withdraw the offer on the day the new evidence was discovered, and instead used the new information as a negotiating tool to lower the offer amount, these factual determinations and their impact should be resolved by the trial court. Finally, counsel's arguments did not satisfy the need for an evidentiary hearing. See Sanford v. Sanford, 512 So.2d 1084 (Fla. 4th DCA 1987) (even though there were arguments on rule 1.540(b)(3) motion for relief from judgment based on fraud, court reversed for evidentiary hearing).
GLICKSTEIN, WARNER and POLEN, JJ., concur.
NOTES
[1] Concerning the post 1990 version of the statute, the first district recently recognized that subsection (5) governing the manner of withdrawing offers is procedural in nature. See Jordan v. Food Lion, Inc., 670 So.2d 138 (Fla. 1st DCA 1996).