PER CURIAM.
The final judgment of dissolution is affirmed. The husband has failed to furnish a transcript, without which he has failed to demonstrate error in the factual findings that the court made and to which he objects. See Applegate v. Barnett Bank, 377 So.2d 1150, 1152 (Fla.1979). Where the record contains no transcript of the trial, an appellate court can address only errors that appear on the face of the final judgment. See Wofford v. Wofford, 20 So.3d 470, 474 (Fla. 4th DCA 2009). However, even with a transcript we would conclude that the errors he complains of were not errors at all. Most of his complaints center around his lack of opportunity to address certain issues and present evidence, but the trial court orders show that a trial occurred, and he was given the opportunity to present witnesses and evidence but did not avail himself of that opportunity. The remaining issues entail factual issues involving credibility of witnesses. The trial court has wide discretion in evaluating the credibility of evidence and witnesses. See, e.g., Marsh v. Marsh, 419 So.2d 629, 630 (Fla.1982).

Affirmed.

GROSS, C.J., WARNER and CIKLIN, JJ., concur.