ROTHENBERG, J.
 

 The defendant, Teasa Wolff a/k/a Teasa Wolfe (“Ms. Wolfe”), appeals from the denial of her Emergency Verified Motion to Vacate Final Judgment of Foreclosure and Sale (“Motion to Vacate”), filed pursuant to Florida Rule of Civil Procedure 1.540(b)(3). We reverse and remand for an evidentiary hearing.
 

 The plaintiff, Star Realty Trust No. 12549, Corp. (“Star Realty”), filed an action against Ms. Wolfe seeking to foreclose its $95,000 mortgage. Thereafter, Ms. Wolfe filed a pro se answer asserting, in part, that Jack Moussa of Florida Housing Council approached her with “an offer to save [her] house.” This “offer” led to the imposition of the $95,000 mortgage on her property even though she did not receive
 
 *346
 
 any proceeds from the loan and none of the existing mortgages were satisfied.
 

 Star Realty then filed a motion for final summary judgment without addressing the alleged “offer.” The trial court entered a Summary Final Judgment of Foreclosure in favor of Star Realty (“Summary Final Judgment”), and thereafter, Star Realty purchased the property at a foreclosure sale for $100.00.
 

 Within a one year of entry of the Final Summary Judgment, Ms. Wolfe filed the Motion to Vacate, outlining a “foreclosure rescue scheme[ ]” perpetrated, in part, by several entities and individuals, including Florida Housing Council; Star Enterprises, LLC; Jack Moussa, the owner and agent of Florida Housing Council; and Rose Moussa, the manager and owner of Star Enterprises. As set forth by Ms. Wolfe, this “scheme” began when Jack Moussa visited Ms. Wolfe at her home, informing her that, for a $30,000 fee, Florida Housing Council could stop the foreclosure action filed by the holder of her first mortgage, Wells Fargo Bank; fix her credit; and satisfy the three existing mortgages on her home. Thereafter, as part of this “scheme,” a trust was created; the property was transferred from Ms. Wolfe to Florida Housing Council as Trustee of the SW 211th Street Trust No. 12549; the property was transferred back to Ms. Wolfe; and the $95,000 mortgage, which is the subject of this foreclosure action, was recorded on her property although the existing mortgages on her home were not satisfied and she did not receive any proceeds from the loan. Ms. Wolfe also informed the trial court that the Office of the Attorney General filed a civil action against Florida Housing Council, Star Enterprises, Jack Moussa, and Rose Moussa for their participation in “foreclosure rescue schemes,” and that this action is still pending under Broward County Circuit Case No. 08-13169.
 
 [1]
 
 Without conducting an evidentiary hearing, the trial court denied the Motion to Vacate.
 

 Ms. Wolfe contends that the trial court abused its discretion by denying her Motion to Vacate without conducting an evi-dentiary hearing. We agree.
 

 To entitle a movant to an evidentia-ry hearing on a motion for relief from judgment filed pursuant to rule 1.540(b)(3), the motion must specify the fraud with particularity, and explain why the fraud, if it exists, would entitle the movant to have the final judgment set aside.
 
 Flemenbaum v. Flemenbaum,
 
 636 So.2d 579, 580 (Fla. 4th DCA 1994);
 
 see also Coleman (Parent) Holdings, Inc. v. Morgan Stanley & Co.,
 
 20 So.3d 952, 955 (Fla. 4th DCA 2009) (“A trial court has broad discretion in evaluating a Rule 1.540(b) motion seeking relief from final judgment. Such motion should not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege a colorable entitlement to relief.”) (citations omitted).
 

 In the instant case, based on our review of Ms. Wolfe’s Motion to Vacate, we conclude that because the allegations did “raise a colorable entitlement to rule 1.540(b)(3) relief, a formal evidentiary hearing on the motion, as well as permissible discovery prior to the hearing, is required.”
 
 S. Bell Tel. & Tel. Co. v. Welden,
 
 483 So.2d 487, 489 (Fla. 1st DCA 1986).
 
 *347
 
 Accordingly, we reverse the order denying the Motion to Vacate and remand for an evidentiary hearing consistent with this opinion.
 
 [2]
 

 Reversed and remanded.
 

 [1]
 

 . The Office of the Attorney General alleged a violation of the Florida Deceptive and Unfair Trade Practice Act, seeking damages, civil penalties, injunctive relief, and other equitable relief. The civil complaint can be viewed at http://myfloridalegal.com/webfiles.nsf/WF/ JFAO-7D4LNF/$file/FHCComplaint.pdf. Further, the Office of the Attorney General is to be notified of the instant foreclosure action.
 

 [2]
 

 . As to the Motion to Vacate, Ms. Wolfe was represented by Legal Services of Greater Miami, Inc. On remand, Legal Services of Greater Miami is to be notified of all further proceedings.