CIKLIN, J.
Castelo Development, LLC (“Castelo”) appeals from a non-final order that denied its motion for the trial court to confirm a foreclosure sale at which it was the highest bidder and to direct the clerk of the court to issue certificates of sale and title. Because we find that the trial court did not abuse its discretion in denying Castelo’s motion, we affirm.
On October 26, 2010, the circuit court entered a final judgment of foreclosure in favor of Aurora Loan Services LLC (“Aurora”) in the amount of $280,982.34 and set a foreclosure sale date of January 5, 2011. The foreclosure judgment required the clerk of the court to sell the property by electronic sale[1] to the highest bidder for cash “in accordance with section 45.031, Florida Statutes.”
An electronic foreclosure sale occurred on January 5, 2011. Castelo was the successful bidder with a high bid of $6500.[2] The clerk of the court, however, would not issue the certificate of sale or the certificate of title because the notice of sale was not published in advance of the foreclosure sale as required by section 45.031.
Castelo filed a motion seeking to have the circuit court confirm the foreclosure sale and order the clerk of the court to issue certificates of sale and title. In response, Aurora filed a motion to reschedule the foreclosure sale claiming that “[tjhrough inadvertence and by mistake, the Clerk of Courts allowed the online foreclosure sale to proceed. The Clerk subsequently recognized its error and did not issue a certificate of sale or certificate of title.” Following a hearing on Aurora’s motion, the trial court ordered the foreclosure sale to be rescheduled for September 21, 2011.
Subsequently, the trial court held a hearing on Castelo’s motion to confirm the *517 earlier foreclosure sale. The trial court denied that motion “due ... to no Affidavit of Publication being filed by [Aurora].”
Castelo argues on appeal that it was a good faith purchaser at a foreclosure sale and that the trial court grossly abused its discretion by effectively vacating the foreclosure sale. We disagree.
The trial court’s final judgment of foreclosure required the clerk of the court to sell the property by electronic sale to the highest bidder for cash “in accordance with section 45.031, Florida Statutes.” Section 45.081, Florida Statutes, requires that notice of sale “be published once a week for 2 consecutive weeks in a newspaper of general circulation.” § 45.031(2), Fla. Stat. (2011). It is undisputed that in this case the notice of sale was not published as required by statute. Castelo argues that the statute is silent as to what happens if the notice of sale is not published. A plain reading of the statute, however, supports the trial court’s interpretation that a foreclosure sale should not be confirmed if the notice of sale was not published.
Subsection four of the statute dictates that after the sale of the property, the clerk of the court shall promptly file a certificate of sale. § 45.031(4). The statute, however, requires that as part of the certificate of sale, the clerk must certify that the “notice of public sale of the property described in the order or final judgment was published in ... a newspaper circulated in” the county where the property is located. Id. Thus, if the clerk cannot certify that the notice of sale was published, the clerk should not issue the certificate of sale. Without a certificate of sale, the clerk of the court lacked authority to issue a certificate of title and thereby confirm the sale. § 45.031(5), (6).
In summary, the clerk of the court acted properly in refusing to issue a certificate of sale because the clerk could not certify that the notice of sale was published prior to the public sale. The trial court, therefore, correctly denied Castelo’s motion to compel the clerk to do so. We also find that the trial court did not abuse its discretion by refusing to confirm the foreclosure sale.

Affirmed.

GROSS and LEVINE, JJ„ concur.

. The Florida Legislature amended section 45.031 in 2008 to allow a clerk of the court to conduct foreclosure sales through electronic means, that is, over the internet. Ch. 2008-194, § 1, at 2234, Laws of Fla. Here, the final judgment of foreclosure indicated that the clerk of the court was to sell the property “[b]y electronic sale beginning at 10:00 a.m. on the prescribed date at www.mypalmbeach clerk.clerkauction.com. ’'

. Although the electronic foreclosure sale was held on the date specified in the final judgment of foreclosure, Aurora did not submit any bids.