MAY, C.J.
Market price versus the sale price of a foreclosed home is questioned in this appeal from the trial court’s denial of a motion to vacate a foreclosure sale. The lender argues that its excusable neglect and the disproportionate sale price to the actual value mandates that the foreclosure sale be set aside. We agree and reverse the order denying the lender’s motion to set aside the sale.
The lender filed a foreclosure action against the homeowners. The trial court entered a final judgment of foreclosure in the amount of $41,580.97. The court set a foreclosure sale for December 8, 2010. The sale took place and the property sold to a third party for $800.
Eight days later, the lender filed a motion to vacate the foreclosure sale. The trial court denied the motion. Two weeks later, the lender filed an amended motion, the same in form and substance as the original motion, amended only as to the certificate of service. The lender argued the sale should be set aside because the price was grossly inadequate, the inadequacy resulted from mistake or other irregularity in the sale, and the sale was not properly noticed.
About a month and a half later, the third-party purchaser filed a motion to confirm the sale, directing the clerk to issue a certificate of sale and title. After another month, the trial court denied the lender’s amended motion and granted the third-party purchaser’s motion to confirm the sale. The lender appeals the order.
On appeal, the lender argues the trial court abused its discretion in denying its request to vacate the foreclosure sale because the sale price was grossly inadequate, the sale was not properly published, and the lender failed to attend the sale due to inadvertence or excusable error. No brief has been filed in opposition.
“The standard of review on appeal of a trial court’s ruling on a motion to set aside a foreclosure sale is whether the trial court grossly abused its discretion.” Arsali v. Chase Home Fin., LLC, 79 So.3d 845, 849 n. 5 (Fla. 4th DCA 2012). Under the general rule, inadequacy of price, standing alone:
is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person *1239 connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
Long Beach Mortg. Corp. v. Bebble, 985 So.2d 611, 613 (Fla. 4th DCA 2008) (quoting Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966)).
In Long Beach, we held “that the trial court ... grossly abused its discretion in failing to set aside the foreclosure sale.” Id. at 614. There, the lender was the “innocent victim of the mistakes of its attorneys and agents.” Id. When the subject property sold for $1,000 — .02% of its value — the lender promptly moved to set aside the sale by filing its motion three days later. Id. We concluded, “[t]he purpose of the law in this area is to promote the viability of the foreclosure sale process, to encourage good faith offers for foreclosed properties, not to protect outrageous windfalls to buyers who make de minimis bids.” Id. at 614-15.
Here, the trial court entered a final judgment of foreclosure for the lender in the amount of $41,580.97; the property sold for $800, or 1.9% of the judgment. The lender filed a motion to vacate the sale eight days later. In its motion, the lender explained that a substitution of legal representation resulted in the lender’s failure to have an agent at the sale.
Just as in Long Beach, the gross inadequacy of the sale price, which resulted from a mistake by the lender, requires the trial court to vacate the sale. We therefore reverse the order denying the lender’s motion.

Reversed.

DAMOORGIAN and CONNER, JJ., concur.