MAY, C.J.
A homeowner appeals an order denying her Objections to Judicial Sale and Motion to Set Aside Judicial Sale. She argues the trial court erred in denying her motion because no pre-sale publication notice was made, pursuant to section 45.031, Florida Statutes (2011). We agree and reverse.
After entering a judgment of foreclosure for $66,314.12, the trial court set the date of the foreclosure sale for several months later. The Final Judgment of Foreclosure stated that “the clerk of this Court shall sell the subject property at public sale ... to the highest bidder for cash ... in accordance with section ⅛5.031, Florida Statutes ” (emphasis added).
A third-party purchaser submitted the high bid of $100,100 in an online public auction. On the same date, the condominium association served, and filed with the trial court, a motion to vacate and reschedule the foreclosure sale because the Clerk of Court had indicated that the Clerk would not issue a Certificate of Title as the Notice of Sale had not been published. Upon receiving the association’s motion, the purchaser moved to confirm the foreclosure sale.
At the hearing, both the association’s and purchaser’s counsel presented the trial court with an agreed order. When the homeowner received a copy of the order, she learned that the order directed the Clerk of Court to issue a Certificate of Sale to the purchaser. Two days later, the Clerk of Court issued the Certificate of Sale, certifying that “Notice of Public Sale of the property described in the Order of *437 Final Judgment was published in the Daily Business Review ... in the manner shown by the Proof of Publication.”
A day later, the homeowner served and filed her Objections to Judicial Sale and Motion to Set Aside Judicial Sale and Certificate of Sale, asserting that the “Plaintiff failed to publish the Notice of Sale.” The homeowner expressed her intention “to exercise her Right of redemption ... and deposit with the Clerk of Court’s Registry by tendering the performance due.”[1]
Notwithstanding the Clerk’s certification that a Notice of Sale was published, the agreed order indicated that it was not. The Vice President of the Daily Business Review provided an affidavit, attesting that the Daily Business Review did not publish a Notice of Sale or issue any proof of publication for the property. The Clerk’s online docket also failed to disclose a Proof of Publication.
The trial court held a hearing on the homeowner’s Motion to Set Aside the Foreclosure Sale and denied the motion. From this Order, the homeowner now appeals.
The homeowner argues that the foreclosure sale did not comply with section 45.031, which requires advance notice of a sale. The homeowner requests a reversal of the foreclosure sale and asks for it to be reset with proper notice. The purchaser and association respond that the trial court did not abuse its discretion in refusing to set aside the foreclosure sale because section 45.031 does not provide a mandatory framework for the Clerks of Court to conduct foreclosure sales. The purchaser and association also argue that the homeowner failed to demonstrate that the foreclosure bid was grossly or startlingly inadequate, and that the inadequacy of the bid resulted from some mistake, fraud, or other irregularity in the sale.
We review orders on motions to set aside foreclosure sales for an abuse of discretion. Long Beach Mortg. Corp. v, Bebble, 985 So.2d 611, 613 (Fla. 4th DCA 2008).
Section 45.031 provides, in relevant part: In any sale of real or personal property under an order or judgment, the procedures provided in this section and §§ 45.0315-45.035 may be followed as an alternative to any other sale procedure if so ordered by the court.
[[Image here]]
(2) PUBLICATION OF SALE. — Notice of sale shall be published once a week for 2 consecutive weeks in a newspaper of general circulation, as defined in chapter 50, published in the county where the sale is to be held. The second publication shall be at least 5 days before the sale.
[[Image here]]
(4) CERTIFICATION OF SALE.— After a sale of the property the clerk shall promptly file a certificate of sale and serve a copy of it on each party....
[[Image here]]
(10) ELECTRONIC SALES. — The clerk may conduct the sale of real or personal property under an order or judgment pursuant to this section by electronic means. Such electronic sales shall comply with the procedures provided in this chapter, except that electronic proxy bidding shall be allowed and the clerk may require bidders to advance sufficient funds to pay the deposit required by subsection (3).
*438 § 45.031, Fla. Stat. (2011). The statute provides in detail how to proceed with the sale, the publication of the sale, the issuance of the Certificate of Sale and Certificate of Title, and the disbursement of the proceeds. Id.
We recently considered the requirement for publication of sale, and its effect on the trial court’s ability to issue the appropriate certificates, in Castelo Development, LLC v. Aurora Loan Services LLC, 85 So.3d 515 (Fla. 4th DCA). There, we held “[s]ection 45.031, Florida Statutes, requires that notice of sale ‘be published once a week for 2 consecutive weeks in a newspaper of general circulation.’ ... A plain reading of the statute ... supports the ... interpretation that a foreclosure sale should not be confirmed if the notice of sale was not published.” Id. at 517 (quoting § 45.031(2), Fla. Stat. (2011)).
We further held:
Subsection four of the statute dictates that after the sale of the property, the clerk of the court shall promptly file a certificate of sale. The statute, however, requires that as part of the certificate of sale, the clerk must certify that the “notice of public sale of the property described in the order or final judgment was published in ... a newspaper circulated in” the county where the property is located. Thus, if the clerk cannot certify that the notice of sale was published, the clerk should not issue the certificate of sale. Without a certificate of sale, the clerk of the court lacked authority to issue a certificate of title and thereby confirm the sale.
Id. (quoting § 45.031(4), Fla. Stat. (2011)) (citations omitted).
Here, the judgment of foreclosure also provided for the public sale to be “in accordance with section 45.031, Florida Statutes.” Like Castelo, neither party disputes that the Clerk failed to publish the notice of sale in accordance with section 45.031. Because the Clerk could not certify that the notice of sale was published, the Clerk should not have issued the Certificate of Sale. And without a Certificate of Sale, the Clerk of the Court lacked the authority to issue a Certificate of Title. Id.
Nevertheless, the purchaser and association argue that the provisions of section 45.031 are elective, not mandatory. Specifically, they assert that “the plain language of the statute demonstrates that the procedure set forth in section 45.031 is not the exclusive procedure for setting a foreclosure sale and that a judge has the discretion to use a different procedure.” Royal Palm Corporate Ctr. Ass’n v. PNC Bank, NA, 89 So.3d 923, 927 (Fla. 4th DCA 2012). While that may be true, where the trial court explicitly adopts the statutory framework of section 45.031, it must adhere to the statute’s provisions.
As in Castelo, the trial court elected to adopt the procedures in section 45.031, but then failed to adhere to them. The trial court abused its discretion in upholding the sale in light of the homeowner’s timely-filed objection.
The purchaser and association also argue that to vacate a foreclosure sale, the trial court must find that the foreclosure bid was grossly or startlingly inadequate and that the inadequacy of the bid resulted from some mistake, fraud, or other irregularity in the sale. This is plainly incorrect. See Arsali v. Chase Home Fin., LLC, 79 So.3d 845, 848 (Fla. 4th DCA 2012) (en banc) (receding from previous cases indicating “that inadequacy of price must always be part of the legal equation in a motion to set aside a foreclosure *439 sale.”)[2] Id.
We therefore reverse and remand the case to the trial court to vacate the foreclosure sale and the Certificates of Sale and Title, and to reset the foreclosure sale in accordance with section 45.031.

Reversed and Remanded.

TAYLOR and CIKLIN, JJ„ concur.

. The docket does not reflect that the homeowner ever deposited the monies with the Clerk of Court.

. We note the trial court did not have the benefit of either Castelo or Arsali when it rendered its decision.