ON MOTION FOR REHEARING

CONNER, J.
We grant 3L Real Estate’s motion for rehearing, withdraw our previous opinion, and substitute this opinion in its place.
HSBC Bank USA (“HSBC”) appeals the denial of its motion to vacate a foreclosure sale, contending the trial court failed to adhere to the requirements of section 45.031, Florida Statutes (2012), for publication of the notice of sale. HSBC also contends on appeal that the trial court erred in denying its motion for rehearing or in the alternative for relief under rule 1.540(b), which asserted that the sale was improper because the notice of sale was not published and the sales price was grossly inadequate. We affirm on all issues.
The trial court entered a final judgment of foreclosure in favor of HSBC in the amount of $787,473.60. The final judgment scheduled an electronic foreclosure sale for March 7, 2011. On February 17, 2011, HSBC’s prior counsel, David J. Stern P.A., moved to withdraw and sought a sixty-day continuance for HSBC to seek new counsel. Prior counsel did not publish notice of the sale or set the motion to *431 withdraw for a hearing. The sale was held as scheduled, with 3L Real Estate, LLC (“3L”), submitting the winning bid of $1600.
With new counsel, HSBC moved to vacate the foreclosure sale, arguing no notice of sale was published as required by section 45.031(2). The trial court denied the motion without elaboration and ordered the clerk to issue the certificate of sale. A day later, HSBC moved for rehearing pursuant to rule 1.530 or in the alternative for relief under rule 1.540(b), arguing the bid was grossly inadequate, HSBC’s failure to bid was due to the failure of its prior counsel to make a bid or obtain postponement of the sale, and the sale was improper since no notice of sale was published. That motion was denied as well.
The standard of review for the denial of a motion to vacate a foreclosure sale is gross abuse of discretion. Long Beach Mortg. Corp. v. Bebble, 985 So.2d 611, 613 (Fla. 4th DCA 2008). In Blue Star Invs. v. Johnson, 801 So.2d 218 (Fla. 4th DCA 2001), this Court stated that to vacate a foreclosure sale, the trial court must find “(1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale.”[1]
We agree the sale bid was grossly inadequate. See Long Beach, 985 So.2d at 614-615 ($1000 bid was grossly inadequate for a property appraised at $500,000 and when the final judgment was for $716,139.60).
Regarding mistake, HSBC argues prior counsel failed to publish notice of the sale and failed to represent HSBC at the foreclosure sale. HSBC relies on Long Beach, in which the plaintiff hired two firms to represent it during the foreclosure proceedings. One handled the litigation, and one handled the sale. A mix-up between the two firms caused the sales agent employed by one firm to believe that the sale would not proceed, so the plaintiff did not bid on the property, and the property was sold for a grossly inadequate price. The plaintiff moved to set aside the bid, but the purchaser opposed the motion, arguing the plaintiff’s failure to bid was due to a unilateral mistake. The trial court denied the motion, but this Court reversed, holding that even a unilateral mistake which results in a grossly inadequate price was grounds for vacating a sale. Id. at 614. More recently, in CitiMortgage, Inc. v. Synuria, 86 So.3d 1237 (Fla. 4th DCA 2012), this Court held that the trial court was required to set aside a sale when the bid was 1.9% of the judgment amount and the lender’s failure to appear at the sale was due to a substitution of legal counsel. Id.
The bidder, 3L, argues in its answer brief that HSBC never provided any evidence to demonstrate any mistake that would entitle HSBC to relief. HSBC asserts that its statements in its motions are sufficient, but its motions to vacate were not sworn. No transcript of any hearings has been provided. The only evidence that exists in the record that would support HSBC’s argument is the motion to withdraw, filed nineteen days before the fore *432 closure sale was held. However, that motion alone does not demonstrate that HSBC lacked notice of the foreclosure sale or was not represented by an agent at the sale. We agree that HSBC never provided any evidence to demonstrate any mistake that would entitle HSBC to relief.
On the facts of this case, we cannot say the trial court abused its discretion in refusing to vacate the sale, grant rehearing, or grant relief from judgment on the grounds that the failure to publish a notice of the sale constitutes an irregularity in the sale procedure. In our recent decision in Simonson v. Palm Beach Hotel Condominium Association, Inc., 93 So.3d 436 (Fla. 4th DCA 2012), we held that when a trial court “adopts the statutory framework of section 45.031, it must adhere to the statute’s provisions.” Here, as in Si-monson, the final judgment required that the foreclosure sale be conducted in accordance with section 45.031, Florida Statutes (2012).
However, section 45.031 begins by stating:
In any sale of real or personal property under an order of judgment, the procedures provided in this section and ss. 45.0315-45.035 may be followed as an alternative to any other sale procedure if so ordered by the court.
(emphasis added). As 3L points out, Palm Beach County Circuit Court Administrative Order 3.301-5/10 specifically provided in paragraph B.3.: The administrative order was entered after the supreme court issued its opinion In re Amendments To The Florida Rules Of Civil Procedure, 44 So.3d 555 (Fla.2010). In that opinion, our supreme court accepted the recommendation of the Task Force on Residential Mortgage Foreclosure Cases to adopt a form motion to cancel foreclosure sales.[2] In adopting the recommendation, our supreme court quoted the petition by the Task Force:
Failure to provide proof of publication or pay the clerk sale fee prior to the sale is not grounds for canceling a sale.
Currently, many foreclosure sales set by the final judgment and handled by the clerks of court are the subject of vague last-minute motions to reset sales without giving any specific information as to why the sale is being reset. It is important to know why sales are being reset so as to determine when they can properly be reset, or whether the sales process is being abused.... Again, this is designed at promoting effective case management and keeping properties out of extended limbo between final judgment and sale.
Id. at 558. The Palm Beach County Circuit Court Administrative Order established that in the Fifteenth Circuit, failure to provide proof of publication is not grounds for canceling a foreclosure sale.[3] It is logical to assume that the Fifteenth Circuit made an administrative decision to prohibit the cancelation of a foreclosure sale when a notice of sale was not published because plaintiffs’ counsel could avoid the need for filing a motion to cancel a foreclosure sale by simply failing to publish a notice of sale.[4] As allowed by the *433 statute itself, the Administrative Order alters the sale procedure under section 45.031. On the facts of this case, the trial court had the discretion to deny relief under rules 1.530 and 1.540, despite lack of publication of the notice of sale.
We distinguish this case from Simonson because there was no issue in Simonson about the effect of an administrative order altering the sale procedure under section 45.301.
“The purpose of a [1.530] motion for rehearing is to give the trial court an opportunity to consider matters which it overlooked or failed to consider, and to correct any error if it becomes convinced that it has erred.” Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1389 (Fla. 3d DCA 1986) (internal citation omitted). Rule 1.540 provides an additional, but restrictive mechanism to correct an erroneous decision by the trial court. Id. at 1390. HSBC failed to make an eviden-tiary showing it is entitled to relief under rule 1.540(b). SunTrust Bank v. Puleo, 76 So.3d 1037, 1039 (Fla. 4th DCA 2011) (“If the allegations in the moving party’s motion for relief from judgment ‘raise a color-able entitlement to rule 1.540(b)(3)’s relief, a formal evidentiary hearing on the motion, as well as permissible discovery prior to the hearing, is required.’ ”); Dynasty Express Corp. v. Weiss, 675 So.2d 235, 239 (Fla. 4th DCA 1996) (quoting Southern Bell Tel. & Tel. Co. v. Welden, 483 So.2d 487, 489 (Fla. 1st DCA 1986)). HSBC has failed to provide this court with a transcript of the hearings on its motions. Judicial discretion exercised by the trial court is abused when no reasonable judge would take the view adopted by the trial judge. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). Since the record before us is inadequate to demonstrate the trial court abused its discretion, we affirm. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).

Affirmed.

GROSS and HAZOURI, JJ., concur.

. Neither trial counsel nor the trial court had the benefit of our decision in Arsali v. Chase Home Finance, LLC, 79 So.3d 845 (Fla. 4th DCA 2012) in which we receded from Blue Star to the extent it held that inadequacy or price must always be part of the legal equation in a motion to set aside a foreclosure sale. In its motion for rehearing or relief pursuant to rules 1.530 and 1.540, HSBC clearly argues the sale price was grossly inadequate, so Blue Star is applicable to this appeal. We note that HSBC raised no issue of fraud in the trial court or on appeal.

. Florida Rules of Civil Procedure, Form 1.996(b).

. We note that Form 1.996(b) does not state that failure to publish a notice of sale is listed ground for canceling a sale (although, arguably speaking, it could be listed under "other”).

.3L also points out in its answer brief that with the advent of online sales, publication in a newspaper is not as necessary as it used to be, and the pool of bidders is now larger, thanks to the internet, than the readership of a newspaper.