# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2145
Lower Tribunal No. 19-23438-CA-01
_____

**Jesse Sutton, etc.,**
Appellant,

vs.

**Wilmington Trust, National Association, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Robert Flavell, P.A., and Robert Flavell (Celebration), for appellant.

Troutman Pepper Locke LLP, and Dorrella L. Gallaway (Atlanta, GA), for appellee Wilmington Trust, National Association; Kula & Associates, P.A., and Elliot B. Kula and William D. Mueller; Robert G. Post, P.A., and Robert G. Post, for appellees Lauren Gorski and Matthew Samsonovitch.

Before FERNANDEZ, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 90.202(6), Fla. Stat. (2024) ("A court <u>may</u> take judicial notice of the following matters . . . [r]ecords of any court of this state or of any court of record of the United States or of any state, territory, or jurisdiction of the United States." (Emphasis added)); § 90.203, Fla. Stat. (2024) ("A court shall take judicial notice of any matter in s. 90.202 when a party requests it and: (1) Gives each adverse party timely written notice of the request, proof of which is filed with the court, to enable the adverse party to prepare to meet the request. (2) Furnishes the court with sufficient information to enable it to take judicial notice of the matter."); <u>HSBC Bank USA, Nat. Ass'n v. Nixon</u>, 117 So. 3d 430, 431 (Fla. 4th DCA 2012) ("The standard of review for the denial of a motion to vacate a foreclosure sale is gross abuse of discretion."); <u>Special v. W. Boca Med. Ctr.</u>, 160 So. 3d 1251, 1256 (Fla. 2014) ("[T]here is no reasonable possibility that the error contributed to the verdict."); <u>Martin v. Martin</u>, 43 So. 3d 195, 196 (Fla. 4th DCA 2010) ("The trial court has wide discretion in evaluating the credibility of evidence and witnesses."); <u>Markham v. Fogg</u>, 458 So. 2d 1122, 1126 (Fla. 1984) ("As long as there is competent, substantial evidence to buttress this finding, an appeals court should not substitute its judgment for that of the trier of fact."); <u>Malkus v. Gaines</u>, 476 So. 2d 220, 222 (Fla. 3d DCA 1985) ("[T]he equity court should not lend its extraordinary powers to benefit one

2

who is guilty of a fraud or who has 'unclean hands'."); <u>GGG Found. & Tr. LLC v. HMC Assets, LLC</u>, 339 So. 3d 1104 (Fla. 1st DCA 2022) (quoting <u>Mitchell v. Mason</u>, 75 Fla. 679, 79 So. 163, 164 (1918)) ("A trial court, in deciding whether there are equitable grounds to vacate a foreclosure sale, has 'large discretion which will only be interfered with by the appellate court in a clear case of injustice.'").