# Third District Court of Appeal

## State of Florida

Opinion filed April 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0552
Lower Tribunal No. 23-457-FC-04
_____

**Domingo S. Toledo**,
Appellant,

vs.

**Miriam A. Torres**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Rafael J. Oropesa, Attorney at Law, P.A., and Rafael J. Oropesa, for appellant.

No appearance, for appellee.[1]

Before SCALES, C.J., and MILLER, and GOODEN, JJ.

_____

[1] Appellee failed to file an answer brief.

MILLER, J.

Appellant, Domingo S. Toledo, challenges an order denying his verified motion to vacate a default final judgment of dissolution, filed under Florida Family Law Rule of Procedure 12.540(b). The trial court denied the motion without an evidentiary hearing on the discrete ground that Toledo had not first sought relief from the underlying clerical default. Rule 12.540(b) authorizes the court to grant a party relief from a "final judgment" for several enumerated reasons, including mistake or misconduct by the adverse party. See id. (b)(1), (3). And here, Toledo alleged that appellee, Miriam A. Torres, lulled him into complacency by falsely claiming she had abandoned her dissolution petition. Indeed, he specifically attested that she told him not to attend the trial. Under such circumstances, although the underlying default stands, the merits of the motion to vacate the judgment must be tested in an evidentiary hearing. See Lazcar Int'l, Inc. v. Caraballo, 957 So. 2d 1191, 1193 (Fla. 3d DCA 2007) (finding "a six-week delay in filing a motion to vacate a default after receiving notice constitutes a lack of due diligence as a matter of law"); Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So. 2d 1329, 1330 (Fla. 4th DCA 1978) ("[S]wift action must be taken upon first receiving knowledge of any default."); see also Sanchez v. Sanchez, 285 So. 3d 969, 971 n.1 (Fla. 3d DCA 2019) ("[M]otions filed under

2

rule 12.540(b) are governed by the body of law applicable to rule 1.540(b)."); In re Guardianship of Schiavo, 800 So. 2d 640, 644 (Fla. 2d DCA 2001) ("A motion for relief from judgment should not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege 'colorable entitlement' to relief." (quoting S. Bell Tel. & Tel. Co. v. Welden, 483 So. 2d 487, 489 (Fla. 1st DCA 1986); Dynasty Exp. Corp. v. Weiss, 675 So. 2d 235, 239 (Fla. 4th DCA 1996))).  We therefore reverse and remand for an evidentiary hearing.

Reversed and remanded.